329 So.2d 49 (1976)
GENERAL CARE CORP., Appellant,
v.
Art FOREHAND, Etc., et al., Appellees.
STATE of Florida ex rel. CAPITAL MEDICAL CENTER, INC., et al., Appellants,
v.
Art FOREHAND, Etc., Appellee.
Nos. Y-489, Y-532.
District Court of Appeal of Florida, First District.
February 20, 1976.
On Rehearing April 5, 1976.
*50 Joseph C. Jacobs and Robert J. Angerer of Ervin, Varn, Jacobs & Odom, Tallahassee, for appellant General Care Corp.
Carl R. Pennington, Jr., Davisson F. Dunlap, Jr., and Dewey M. Johnson, Pennington, Wilkinson & Sauls, Tallahassee, for appellant Capital Medical Center.
Douglas E. Whitney, Tallahassee, for appellee.
PER CURIAM.
We have considered the records, briefs and oral arguments of counsel in the above two consolidated appeals and find no reversible error. The final judgment of the trial court is therefore affirmed.
BOYER, C.J., McCORD, J., and LEE, THOMAS E., Associate Judge, concur.

ON PETITION FOR REHEARING GRANTED
Upon consideration of the petition of Capital Medical Center, Inc., for rehearing, we have reviewed the record and briefs and have concluded that the cause (our Case No. Y-532; Circuit Court Case No. 74-1606) should be remanded to the trial court for further proceedings.
Appellant, Capital Medical Center, Inc., proceeding under Chapter 381, Florida Statutes, was denied a certificate of need to construct a hospital by the Bureau of Community Medical Facilities of the Department of Health and Rehabilitative Services and sought review of such denial by petition for mandamus filed in the court below. Appellant had previously sought direct review before this court under § 120.68, Florida Statutes, and we dismissed its petition as it had also filed the mandamus action covering the same subject matter. § 381.494(6)(f), Florida Statutes 1973, in effect at that time provided:
"Notwithstanding any provisions of chapter 120, at any time after the bureau has issued or denied a certificate of need, the applicant or the areawide counsel shall have the right to seek relief by a writ of mandamus."
Capital Medical Center, pursuant to the above statute, had sought such review in the court below as previously stated. (The above statutory provision was amended out of Chapter 381 by the 1975 session of the legislature  Chapter 75-167, Laws of Florida.) In spite of the legislature having provided for such method of review, a writ of mandamus is not a proper action for review of the denial or grant of a certificate of need since such grant or denial involves an exercise of discretion by the Bureau.
General Care Corporation (a prior applicant for Certificate of Need whose appeal was consolidated with the appeal of Capital Medical Center, Inc.), upon denial of its application for certificate, did not seek direct review before this court but subsequently filed in the court below a petition for declaratory judgment.
Both appellants attacked in the court below the administrative procedures under which their applications for certificates of need were denied by the bureau. The circuit court denied relief to General Care ruling that "the question of whether the bureau abused its discretion is one best answered by administrative review which Capital has elected to seek and General has not" and "the other issues raised by General were also subject to administrative review and it did not seek this review within the statutory period." The lower *51 court was correct in denying relief to General Care on the ground stated.
The basis for the trial court's denial of review to Capital Medical Center is not clear. It sought administrative review before this court under Chapter 120, Florida Statutes, within the statutory period but was denied such review because it had filed the proceeding in circuit court under Chapter 381, Florida Statutes, covering the same subject matter.
Upon reconsideration, we find that Capital Medical Center, Inc., should have a right to review, and since it was cut off by this court from direct administrative review as above stated (and we have lost jurisdiction of that case) and was also cut off from review by the circuit court apparently because it had sought direct review in this court, we conclude that it should have the right to such review in the circuit court but by way of declaratory judgment rather than the inappropriate remedy of mandamus.
§ 120.73, Florida Statutes (the Administrative Act) provides in part as follows:
"Nothing in this chapter shall be construed to ... divest the circuit courts of jurisdiction to render declaratory judgments under the provisions of Chapter 86... ."
In consideration thereof, Circuit Court Case No. 74-1606 is reversed and remanded with directions to allow Capital Medical Center, Inc., to amend its action to a petition for review by way of declaratory judgment and with further directions to review by such proceeding the merits of the Bureau's denial of its application for Certificate of Need.
BOYER, C.J., McCORD, J., and LEE, THOMAS E., Associate Judge, concur.