341 So.2d 1071 (1977)
BUREAU OF COMMUNITY MEDICAL FACILITIES PLANNING OF DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, State of Florida and Community Hospital of New Port Richey, Inc., Petitioners,
v.
Bernard L. SAMSON and Walter P. Loebenberg, Respondents.
No. EE-10.
District Court of Appeal of Florida, First District.
February 4, 1977.
*1072 Jack B. McPherson of Allgood, McPherson, Stewart & Bray, New Port Richey, and Douglas Whitney, Tallahassee, for petitioners.
John W. Hamilton of Ware & Hamilton, and Marvin S. Grant, St. Petersburg, for respondents.

ON MOTION TO DISMISS
SMITH, Judge.
Respondents Samson and Loebenberg applied to petitioner Bureau of Community Medical Facilities Planning for a certificate of need, pursuant to Sections 381.493 through .497, Florida Statutes (1975), for construction of a hospital facility in Pasco County. Following preliminary hearings, a favorable recommendation was made by Florida West Coast Health Planning Council, the appropriate "health systems agency." Sections 381.493(3)(h),.494(5). The Bureau then denied certification and, under procedures unique to the Florida Health Facilities Planning Act, a hearing officer of the Division of Administrative Hearings was designated to review the matter according to Section 381.494(6)(e) and the Administrative Procedure Act, Section 120.57, Florida Statutes (1975). The hearing officer ordered that the certificate be granted. The Bureau, as the State agency having responsibility to issue certificates of need under Section 381.494(6)(a), has neither finally granted the certificate, in compliance with the hearing officer's order, nor finally denied it, as the Bureau plainly wishes to do. The Bureau, joined by petitioner Community Hospital of New Port Richey, Inc., which opposed respondents' application, has petitioned for judicial review of the hearing officer's order. Section 120.68, Florida Statutes (1975).
Respondents urge judicial review is unavailable because no final agency action has yet been taken as required by Florida's Administrative Procedure Act. Section 120.68(1), Florida Statutes (1975). No contention is made that the hearing officer's order constituted such unusual "preliminary, procedural, or intermediate agency action" as requires an interlocutory judicial remedy.
*1073 Petitioners Bureau and Community Hospital do not deny that final agency action on a petition for need certification would ordinarily occur when the agency grants or denies the certificate. That would seem to be the plain meaning of the Administrative Procedure Act, Chapter 120. The complicating factor in this case is that the Congress has conditioned federal funding of such hospital construction on the existence of an agreement between federal administrators and State governors which, among other things, must
"... establish and maintain procedures pursuant to which a person proposing any such capital expenditure may appeal a recommendation by the designated agency [in Florida, the Bureau] and will be granted an opportunity for a fair hearing... ." 42 U.S.C. § 1320a -1(b)(3).
Federal administrators, exercising rulemaking power, have directed that after an adverse finding or recommendation by the State agency, the applicant shall be entitled to a hearing "in accordance with the applicable requirements of State law" before a person other than the agency, and that "[a]ny decision of a hearing officer ... shall, to the extent that it reverses or revises the findings or recommendations of the designated planning agency, supersede the findings and recommendations of the designated planning agency... ." 42 C.F.R. § 100.106(c)(2), (4) (1976). The federal regulations thus place the Bureau in the position of being unable to finally deny Samson and Loebenberg a certificate of need in the face of the hearing officer's order without offending federal standards incorporated in the governor's agreement for hospital funding in Florida. And the Bureau is unable to grant respondents certification, in accordance with the hearing officer's decision, without abandoning its earnestly held and contrary position, which it wishes to preserve for judicial review.
Without deciding that Section 120.63 of the Administrative Procedure Act provides a remedy for the Bureau's quandary, we note that the Bureau does not claim that the Administration Commission has exempted it in these circumstances from taking final agency action to approve or disapprove the hearing officer's order. Section 120.57(1)(b)(9), Florida Statutes (Supp. 1976).
Section 120.68(1) secures judicial review for "[a] party who is adversely affected by final agency action." We have the firm view that a party cannot invoke judicial review as a matter of right until final agency action has occurred, and that no such action can occur in this case until the Bureau enters an order granting or denying the certificate of need. Should the Bureau deny the certificate, respondents as well as Florida West Coast Health Planning Council would be entitled to judicial review as parties adversely affected. Should the Bureau grant the certificate of need, petitioner Community Hospital of New Port Richey would similarly be entitled to judicial review as a party adversely affected. In neither event would the Bureau itself qualify as a party adversely affected by its own final agency action. Nevertheless, upon an appropriate petition for judicial review by an adversely affected party, the Bureau should be made a respondent. The interest of agencies in vindicating their policies and practices requires that they be joined and heard as respondents in review proceedings before the district courts of appeal.
In section 381.494(6)(e), the Health Facilities Planning Act provides, consistently with the mentioned federal legislation and rules,
"Any applicant or health systems agency aggrieved by the issuance or denial of a certificate of need shall have the right, within not more than 30 days from the day notice of the issuance or denial of such certificate is received from the bureau, to seek relief according to the provisions of the Administrative Procedure Act, chapter 120, as amended by chapter 74-310, Laws of Florida. Such hearings as may take place according to the provisions of this paragraph shall be regarded as meeting the requirements of Section 1122 of Public Law 92-603 [42 U.S.C. § 1320a -1]."
*1074 We do not consider the statute renders final agency action unnecessary as a condition precedent to judicial review under Section 120.68. Nor does the hearing officer designated to conduct the unique proceedings contemplated by Section 381.494(6)(e)  proceedings which follow and review the Bureau's initial decision  thereby become the agency for purposes of rendering final agency action. The agency must act finally for itself and often, as in this case, choose between effectuating under protest the hearing officer's decision, thus satisfying the governor's agreement for federal funding, or effectuating its own contrary views on the matter in issue. However hard the choice, we cannot relieve the Bureau of the duty to act and so extend our jurisdiction to review the recommended orders of hearing officers. Sections 120.59, .68, Florida Statutes (Supp. 1976).
There being no final agency action, nor any occasion for extraordinary review of intermediate agency action, the petition for certiorari is
DISMISSED.
RAWLS, Acting C.J., and McCORD, J., concur.