ERVIN, J., Acting Chief Judge.
The Department of Health and Rehabilitative Services (HRS) appeals a circuit court’s declaratory judgment that the Bureau of Community Medical Facilities Planning (Bureau) has only ministerial power under Section 381.494(6), Florida Statutes (1973), to issue or deny certificates of need to applicants proposing new medical facilities. Ironically, when the parties were before this court in General Care Corporation v. Forehand, 329 So.2d 49 (Fla. 1st DCA 1976), we held that since the Bureau’s duties under the Health Facilities Planning Act were not merely ministerial the circuit court had correctly dismissed Capital Medical Center’s petition for mandamus under Section 381.494(6)(f), seeking to compel the Bureau to approve its application for a certificate of need, and that since we had earlier dismissed Medical Center’s petition for review of the Bureau’s final agency action, on grounds the petition for mandamus was pending on the same subject matter in circuit court, Medical Center would be allowed judicial review of the administrative action by a declaratory action in Circuit Court. Thus this appeal from that judgment.
Despite the local areawide planning council’s advisory recommendation that Medical Center be issued a certificate of need, the Bureau first recommended the certificate be denied, and referred it to the State Hospital Advisory Council for a hearing. The Council also recommended the certificate be denied, and on August 22, 1974, the Bureau denied Medical Center a certificate of need. The trial judge found that Medical Center is a non-profit corporation formed to build a second hospital in the Tallahassee area. At the hearing before the local areawide council, Medical Center presented evidence relevant to local need for the hospital, and areawide council staff members presented adverse evidence. No Bureau members were present. Before the Bureau had reviewed any of the evidence in the hearing before the areawide council, a representative of the Bureau stated that he planned to deny the certificate of need.
Need for the Medical Center’s project was determined partly by use of the 1973 state plan, which utilized the Hill-Burton formula.[1] The trial judge found that the 1973 plan, based on 1971 population figures and predicting 1980 population levels which were exceeded in 1973, was not considered reliable by the bureau chief and bureau staff members. He concluded that the Medical Center had substantially complied with the procedure in Section 381.494, and, since only the local areawide planning council conducts investigations, the Bureau’s function in issuing or denying certificates of need is purely ministerial, and that the statute establishes no criteria by which the Bureau may independently evaluate whether to issue or deny a certificate of need. The Bureau was ordered to issue the requested certificate of need and to report to HEW that Medical Center’s application was timely filed, that the state plan was no longer a meaningful tool in determining need for community medical facilities, and that, since other certificates have been issued to applicants not in conformity with the plan, issuance of the certificate under federal law was recommended.
We agree with the Department that the Bureau’s decision to issue or deny certificates of need under Section 381.494(6), Florida Statutes (1973), was not ministerial.[2] Section 381.493(3)(h), Florida Statutes (1973), states that a local areawide planning council is “an advisory comprehensive health planning council . . . .” (e. s.) The areawide council’s “advisory certificate of need study” is “a written advisory statement . . . evidencing community need, or lack of need . . . .” for additional medical facilities, (e. s.) Section 381.493(3)(d). The councils are to “make *1089 such investigations and inquiries . as necessary ... to make . advisory recommendationfs] ... to the bureau.” Section 381.494(5)(a). The Bureau, on the other hand, is the “single state agency to issue certificates of need in accordance with present and future federal, state, and departmental rules and regulations.” Section 381.494(6)(a). The Bureau is to review the applications and recommendations of the local areawide planning councils before its decision. Section 381.-494(6)(d).
Contrary to the trial judge’s finding, it is clear that the Bureau is required to follow applicable federal, state and departmental rules and regulations in administering the certificate of need program. Section 381.494(6)(b) states that HRS shall consult with certain agencies and professional associations “in matters of policy affecting the administration of Sections 381.494-381.-497, and in promulgating rules, regulations, and minimum standards for the issuance of certificates of need.” Implicit in that directive is the understanding that the Bureau, as the “single state agency to issue certificates of need . . .,” Section 381.494(6)(a), is bound by those policies, statutes and regulations.[3]
All of the other judicial acts the Department complains of were based on the circuit court’s finding that the Bureau was to exercise merely a ministerial function in issuing or denying certificates of need. There were only cursory factual findings on the evidence Capital Medical Center submitted to justify the expenditure, and no mention was made of the Bureau’s evidence. Clearly, the trial judge did not base any part of the order on a finding that Capital Medical Center’s evidence showed a need for the hospital. Since there is no basis upon which to sustain the declaratory judgment, it is
REVERSED.
MELVIN, J., and MASON, ERNEST E., Associate Judge, concur.

. The Hill-Burton formula, promulgated under Section 1122 of the Social Security Act (42 U.S.C. § 1320a-l et seq.), determines need for additional acute care hospital beds in a given area using population figures.

. We held as much in General Care Corporation v. Forehand, supra at 50, without discussing the statute.

. In 1975, the Act was amended to provide for Section 120.57 hearings to parties after the Bureau’s decision on whether to grant or deny certificates of need. The Bureau’s decision after the hearing officer’s recommended order constituted final agency action. See Bureau of Community Medical Facilities, etc. v. Samson, 341 So.2d 1071 (Fla. 1st DCA 1977). The statute was amended in 1977 to place all of the Bureau’s functions into the hands of the Department of Health and Rehabilitative Services.