DAUKSCH, Judge.
ON MOTION TO DISMISS
This case is before the court on appellee, Department of Environmental Regulation’s (DER), motion to dismiss the appeal. We grant the motion because appellant did not timely file his notice of appeal in the lower tribunal as Florida Rule of Appellate Procedure 9.110(b) requires.
On February 25, 1985, DER rendered a final order which adopted the hearing officer’s recommended order. Appellant timely filed a notice of appeal with the Division of Administrative Hearings, which provided the hearing officer who presided at the hearing in the instant administrative, formal adjudication under section 120.57(1), Florida Statutes (1983). However, appellant did not file a notice of appeal in the DER or in this court until eight days after the expiration of the thirty day period provided for in Rule 9.110(b).'
Appellant admits he did not file a notice of appeal in the DER until after thirty days from rendition of DER’s final order. Appellant submits, however, that filing the notice with the Division of Administrative Hearings is sufficient to invoke this court’s jurisdiction because DER, in its final order, merely adopted the recommended order of the Division’s hearing officer.
Pursuant to Florida Rule of Appellate Procedure 9.110(b) and (c), a party seeking judicial review of administrative action must invoke this court’s jurisdiction by filing one copy of a notice of appeal with the clerk of the lower tribunal, and a second copy along with the filing fee with the court, within thirty days of rendition of the order to be reviewed. Rule 9.020(d) defines a lower tribunal as “[t]he court, agency, ... or body whose order is to be reviewed.” The hearing officer’s recommended order is not the order to be reviewed notwithstanding the fact that DER adopted the recommended order in toto in its final order. DER was under no obligation to adopt the hearing officer’s recommended order. See § 120.57(l)(b)9, Fla.Stat. (1983). Since the hearing officer’s recommended order is not the order to be reviewed, the Division of Administrative Hearings is not the lower tribunal for purposes of filing a notice of appeal.
Section 120.68(1), Florida Statutes (1983) secures judicial review for “[a] party who is adversely affected by final agency action.” In Bureau of Community Med. Fac., etc. v. Samson, 341 So.2d 1071 (Fla. 1st DCA 1977), the court held that a hearing officer designated to conduct a formal administrative hearing was not an “agency” for purposes of rendering final agency action and thus, his order was not subject to judicial review.
*97 Appellant did not invoke this court's jurisdiction when he mailed his notice of appeal to the Division of Administrative Hearings within thirty days after DER rendered its final order. He should have followed the instructions in the final order, and filed the Notice with DER.
APPEAL DISMISSED.
SHARP, and COWART, JJ., concur.