ON MOTION TO DISMISS
GRIMES, Judge.
Upon the assertion of the Sarasota County Property Appraiser pursuant to Section 194.032(6)(a)3, Florida Statutes (Supp.1976), the Department of Revenue determined that by virtue of certain of its decisions the Property Appraisal Adjustment Board of Sarasota County had consistently and continuously violated the intent of the law. The Adjustment Board has filed in this court a petition to review this determination, and the Department of Revenue has filed a motion to dismiss.
The obtaining of a determination by the Department of Revenue that “there exists a consistent and continuous violation of the intent of the law or administrative rules by the Property Appraisal Adjustment Board in its decisions” is one of several alternative statutory conditions precedent which must exist before a property appraiser may appeal a decision of the Property Appraisal Adjustment Board to the circuit court. In essence, by virtue of its general supervision over property assessments, the Department of Revenue is charged with deciding whether the property appraiser has probable cause to go to court. Yet, even when a determination of probable cause has been made, the decision of whether to appeal to the court remains within the discretion of the property appraiser. In the event the matter goes to court, the proceeding is de novo, and the burden of proof is on the property appraiser. Section 194.-032(6)(c), Florida Statutes (Supp.1976). *806 The determination of probable cause can have no bearing upon the outcome of the litigation. Thus, even though the action of the Department of Revenue is final in the sense that the Department will have nothing further to do with the matter, it is not final agency action which has adversely affected the Adjustment Board. Section 120.-68, Florida Statutes (1975). We do not pass on the question of whether a determination adverse to the property appraiser would be final agency action, because under those circumstances the property appraiser would be without further recourse.
The petition for review is hereby dismissed.
BOARDMAN, C. J., and McNULTY, J., concur.