OTT, Judge.
The lower court entered final orders or judgments of dismissal of the Property Appraiser’s (appellant) court challenge of certain assessment decisions of the Property Appraisal Adjustment Board (appellee). We reverse.
Pursuant to the provisions of Section 194.032(6)(a)(3), Florida Statutes (1977) the appellant notified the Department of Revenue [DOR] that he believed there was a consistent and continuous violation of law or administrative rules by appellee in its decisions on property assessments of various taxpayers.
The DOR secured the questioned written decisions of the appellee. Pursuant to Section 194.032(3), the DOR requested the written transcript of the hearings conducted by the appellee on those assessment decisions. The transcript of the hearings was delayed (apparently justifiably so) and did not reach the DOR for some three months or so.
After review of the record of the hearings and the decisions of the Property Appraisal Adjustment Board the DOR agreed with the Property Appraiser. The Property Appraiser thereupon instituted the instant actions challenging the Property Appraisal Adjustment Board decisions.
The lower court held that the action of the DOR in agreeing with the Property Appraiser was a “decision” constituting “final agency action” within the meaning of Chapter 120, Florida Statutes (The Administrative Procedure Act) and that, as such, there must be full compliance with Chapter 120 including notice and opportunity to be heard accorded to the Property Appraisal Adjustment Board and/or the taxpayers.
We are not presented with and therefore do not decide the question of whether or not a “decision” of the DOR that the Property Appraiser was in error in asserting a consistent and continuous violation of law or administrative rule would preclude a court challenge of Property Appraisal Adjustment Board decisions by the Property Appraiser.
We point out, however, that prior to the 1976 amendment of Section 194.032(6) (Ch. 76-234, Laws of Florida) there was no right of the Property Appraiser to appeal adverse decisions of the Property Appraisal Adjustment Board. One of the primary purposes of the 1976 amendment was, therefore, to provide for the methods and conditions of appeals by the Property Appraiser.
The current version of Section 194.-032(6)(a)(3), Florida Statutes provides for the Property Appraiser to request a review by the DOR of his own conclusion of a law or rule violation. We hold this review is not an administrative proceeding governed by Chapter 120.
The “decision” of the DOR concurring with the conclusion of the Property Appraiser does not adversely determine the rights of the taxpayers nor can it in any *759 way change, modify, overturn or otherwise adversely affect the decisions of the Property Appraisal Adjustment Board. It is, in this sense, a true probable cause determination. See, e. g., Property Appraisal Adjustment Board of Sarasota County v. Florida Department of Revenue, 349 So.2d 804 (Fla.2d DCA 1977). Based solely upon the record of Property Appraisal Adjustment Board proceedings the DOR determines whether there is good cause for the conclusion of the Property Appraiser that the Property Appraisal Adjustment Board has consistently and continuously violated a law or rule — one of the grounds for appeal now extended to the Property Appraiser.
Upon the Property Appraiser thereafter going forward with the contemplated and DOR sanctioned court challenge it is expressly provided that such “court proceedings shall be de novo.” Section 194.-032(6)(c), Florida Statutes (1977). The Property Appraiser is saddled with the burden of proving that the challenged assessment determination of the Property Appraisal Adjustment Board is in violation of applicable law or rules. Section 194.-032(6)(c), Florida Statutes (1977). The decision of the Property Appraisal Adjustment Board is in no way adversely affected by the DOR’s sanction of judicial challenge thereof by the Property Appraiser.
The rights of the adversely affected taxpayer not made a party to the court action are fully preserved in providing for his independent challenge of such adverse judicial determination. Section 194.032(6)(a)(3), Florida Statutes (1977). In the instant actions certain taxpayers (not made parties) who may be adversely affected by the court action have been granted the right to intervene and join in the defense of the Property Appraisal Adjustment Board decision as to their assessments.
The orders or judgments of dismissal are reversed and these cases are remanded for further proceedings consistent herewith.
GRIMES, C.J., and DANAHY, J., concur.