411 So.2d 307 (1982)
Ervin A. HIGGS, Property Appraiser of Monroe County, Florida, Appellant,
v.
PROPERTY APPRAISAL ADJUSTMENT BOARD OF MONROE COUNTY, Florida, Appellee.
No. 81-158.
District Court of Appeal of Florida, Third District.
March 23, 1982.
Dent, Pflugner, Rosin & Haben and John C. Dent, Jr. and Stanley Hendricks, Sarasota, for appellant.
Lucien C. Proby, Jr., Key West, for appellee.
Before SCHWARTZ, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
We reverse the judgment of the trial court denying the Property Appraiser injunctive and other relief sought pursuant to Section 194.032(6)(a)(3), Florida Statutes (1977), against the Property Appraisal Adjustment Board. In essence, this statute provides that if, after investigation, the Department of Revenue makes a probable cause determination that "there exists a consistent and continuous violation of the intent of the law or administrative rules by the Property Appraisal Adjustment Board in its decisions," see Property Appraisal Adjustment Board of Sarasota County v. Florida Department of Revenue, 349 So.2d 804 (Fla. 2d DCA 1977), the Property Appraiser may bring suit to enjoin such future violations and to "restore the tax roll to its just value in such amount as determined by judicial proceeding."
All statutory predicates having been satisfied, the Appraiser sued. Among other things,[1] he alleged that the Board engaged *308 in a consistent and continuous violation of the intent of the law or administrative rules in that the Board's "written decisions" did not comply with Section 194.032(5), Florida Statutes (1977). That statute provides, in pertinent part:
"[T]he property appraisal adjustment board shall render a written decision... . The decision of the board shall contain findings of fact and conclusions of law and shall include reasons for upholding or overturning the property appraiser's determination. The clerk, upon issuance of the decisions, shall, on a form provided by the Department of Revenue, notify by first-class mail each taxpayer, the property appraiser, and the department of the decision of the board." (emphasis supplied).
In support of that claim, the Appraiser introduced certain documents entitled "Record of Decision and Notice of Property Appraisal Board." While it is obvious that these documents are the Department of Revenue Forms for notifying the taxpayer, the Appraiser, and the Revenue Department of the Board's decision, there is not the slightest suggestion by the Board, either below or here, that these documents were mere notices and not the Board's "written decisions."[2]
The Board does not seriously contend, and indeed cannot, that the written decisions comport with the law's requirements. Florida Administrative Code Rule 12D-10.03(5)(a) promulgated by the Department of Revenue to supplement Section 194.032(5) says:
"(5)(a) Every decision of the Board must contain specific and detailed findings of fact which shall include both ultimate findings of fact and basic and underlying findings of fact. Each basic and underlying finding must be properly annotated to its supporting evidence. For purposes of these rules, the following are defined to mean:
"1. An ultimate finding is a determination of fact. An ultimate finding is usually expressed in the language of a statutory standard and must be supported by and flow rationally from adequate basic and underlying findings.
"2. Basic and underlying findings are those findings on which the ultimate findings rest and which are supported by evidence. Basic and underlying findings are more detailed than the ultimate findings but less detailed than a summary of the evidence.
"3. Reasons are those clearly stated grounds upon which the Board or property appraiser acted."
Eight of the decisions contain no reasons, findings or conclusions at all; twelve give as a reason "condition of building" or "condition of house"; three expand upon this by stating "condition of building (or house) not computed properly"; two say "land use restricted"; and the remainder variously state "income factors," "set back restrictions," "restricted use of land  Old Island District," "lot location and restricted use," and "due to condition." Given the woeful inadequacy of these statements when measured against the statute's requirements, it is understandable that the Board advances the argument that the statement of reasons, *309 findings of fact, and conclusions of law called for by the statute are discretionary with the Board. In short, the Board says that "shall" in the statute means "may."
We cannot conclude, as did the trial court in its final judgment, that these statutory requirements are "purely intended for the guidance of the Board and the conduct of their business." The statute means "shall" and for good reason:
"The exposure of an official's decisional referents to the critical scrutiny of others may disclose the inadequacy of those referents and create pressures to bring about their change. This type of constraint upon agency action will not tend to be limited  as is judicial review  to overseeing the good faith of agency policy choices. Rather exposure of the agency's decisional referents to the critical scrutiny of others possesses a potential ... for improving the degree of objective rationality of agency decisions." (emphasis supplied).
McDonald v. Department of Banking and Finance, 346 So.2d 569, 583 n. 12 (Fla. 1st DCA 1977) [quoting from Gifford, Decisions, Decisional Referents, and Administrative Justice, 37 Law and Contemporary Problems 3, 29 (1972)]. See Borovina v. Florida Construction Industry Licensing Board, 369 So.2d 1038 (Fla. 4th DCA 1979); Harvey v. Nuzum, 345 So.2d 1106 (Fla. 1st DCA 1977); City of Jacksonville v. Arnold, 343 So.2d 962 (Fla. 1st DCA 1977); Gentry v. Department of Professional and Occupational Regulations, State Board of Medical Examiners, 283 So.2d 386 (Fla. 1st DCA 1973); Powell v. Board of Public Instruction of Levy County, 229 So.2d 308 (Fla. 1st DCA 1970) (all construing like requirement of Administrative Procedures Act).
Accordingly, the judgment of the trial court is reversed with directions to grant appropriate relief to the Appraiser.
JORGENSON, Judge, dissenting.
This law suit was brought pursuant to Section 194.032(6)(a)(3), Florida Statutes (1977), which also provides that the burden of proof shall be upon the party initiating the action. Section 194.032(6)(a)(3)(c), Florida Statutes (1977).
In my view the tax appraiser has wholly failed to meet that burden. Any defects in the record below are attributable to him. Accordingly, I would affirm.
NOTES
[1] The Appraiser also alleged that the Board engaged in a consistent and continuous violation of the law by entertaining and according relief on taxpayer petitions which were untimely filed. The sole proof of this allegation was that a partial transcript of a Board hearing, admitted in evidence below, revealed that the clerk of the Property Appraisal Adjustment Board stated at the hearing that the petitions were late. We need not decide whether this unsworn declaration was competent to prove the truth of the clerk's statement, since we decide that the Appraiser's proof of the deficiency in the Board's "written decisions" entitles him to relief.
[2] Nor does the Board suggest that the requirements of the statute can be substantially satisfied by a transcript of the Board's hearing which itself shows the reasons, findings and conclusions of the Board. See Eastwood v. Hall, 258 So.2d 269 (Fla. 2d DCA 1972). But see R.B.S. v. Capri, 384 So.2d 692 (Fla. 3d DCA 1980). First, were this the Board's theory, it would have been incumbent upon it to advance the theory and proffer such a transcript. But second, the parties have informed us that no such transcript exists, because the tape recording of the hearings held on the taxpayer petitions is completely inaudible, notwithstanding a separate statutory mandate that the Board make a verbatim record of the proceedings. See § 194.032(3), Fla. Stat. (1977).