PER CURIAM.
We reverse the final judgment which denied relief to the Dade County Property Appraiser, who, pursuant to Section 194.- *1003 032(6)(a) 2, Florida Statutes (1977), initiated a de novo proceeding in the Circuit Court to challenge the Property Appraisal Adjustment Board’s reduction of the appraiser’s assessment for the 1978 tax year on Seacoast Towers South, an apartment building owned by the appellee-taxpayers.
There is simply no record support for the trial court’s finding that the Property Appraiser did not consider all of the criteria set forth in Section 193.011, Florida Statutes (1977), although, most certainly, the record reflects that the Property Appraiser assigned far greater weight to certain of the criteria than others, as, of course, he was permitted to do without jeopardizing the legality of his assessment. The Bath Club, Inc. v. Dade County, 394 So.2d 110 (Fla.1981); Straughn v. Tuck, 354 So.2d 368 (Fla.1978); Atlantic International Investment Corp. v. Turner, 383 So.2d 919 (Fla. 5th DCA 1980); Lanier v. Walt Disney World Co., 316 So.2d 59 (Fla. 4th DCA 1975); Town of Bay Harbor Island v. Lancelot Associates, 243 So.2d 437 (Fla. 3d DCA 1971); Metropolitan Dade County v. Tropical Park, Inc., 231 So.2d 243 (Fla. 3d DCA 1970). Because the evidence indisputably showed that the Property Appraiser’s assessment was made in substantial compliance with Section 193.011, Florida Statutes (1977), the assessment was entitled to be presumed correct. Since the evidence presented by the taxpayers did not show that there was no reasonable hypothesis to support the Property Appraiser’s assessment, the judgment in their favor must fall. Bystrom v. Equitable Life Assurance Society of the United States, 416 So.2d 1133 (Fla. 3d DCA 1982).[1]
Accordingly, the final judgment is reversed with directions to enter judgment for the plaintiffs and reinstate the Property Appraiser’s preliminary assessment as the correct and legal assessment.
Reversed and remanded with directions.

. The trial judge did not have the benefit of our decision in Bystrom when the case under review was tried and judgment entered. It appears from the final judgment that he improperly placed the burden on the Property Appraiser to overcome the correctness of the assessment made by the Property Appraisal Adjustment Board. The judgment in pertinent part stated:
“In Mikos v. Property Appraisal Adjustment Board, 365 So.2d 757 (Fla. 2d DCA 1978), in discussing the burden of proof in this type of proceeding the Court held:
“ ‘The Property Appraiser is saddled with the burden of proving that the challenged assessment determined by the Property Appraisal Adjustment Board is in violation of applicable laws or rules... ’
“After hearing testimony, much of it conflicting, this Court finds that the Plaintiffs failed to prove the assessment as set by the Board was in violation of applicable laws or rules. “The Assessor in these proceedings, rather than trying to prove the lowered assessment incorrect, tried to prove his original assessment was correct."
We made clear in Bystrom that the appraiser has no such burden to overcome the assessment made by the Property Appraisal Adjustment Board. The case relied upon by the trial judge, Mikos v. Property Appraisal Adjustment Board, supra, involved a Property Appraiser’s action under Section 194.032(6)(a) 3, in which the issue is not the correctness of an assessment, but rather whether the Board in its decisions has been guilty of a consistent and continuous violation of the intent of the law or administrative rules. See Higgs v. Property Appraisal Adjustment Board of Monroe County, Florida, 411 So.2d 307 (Fla. 3d DCA 1982).