PER CURIAM.
The Bay County Property Appraiser files a petition for writ of mandamus seeking to compel the Department of Revenue to file a “probable cause review” document with the agency clerk as a “final order” in accordance with section 120.52(7), Florida Statutes (2013) (defining a “final order” as a “written final decision ... which is not a rule, and which is not excepted from the definition of a rule, and which has been filed with the agency clerk, and includes final agency actions which are affirmative, negative, injunctive, or declaratory in form.”). We grant the petition.
Florida’s property appraisers prepare and send notices of proposed property taxes to property owners. The property owners may file a petition with the county value adjustment board (“VAB”) to contest the assessed value. The VAB makes a determination of whether the assessment of the individual property exceeds just value. See § 194.301(2)(a). Section 194.036(l)(c) provides that a property appraiser may file with the Florida Department of Revenue (“DOR”) an “assertion” that the VAB has committed a “consistent and continuous” violation of the law in certain of its decisions. Section 194.036(l)(c) states that if DOR finds upon investigation that a consistent and continuous violation by the VAB has occurred, DOR “shall so inform the property appraiser, who may thereupon bring suit in circuit court against the value adjustment board ....”
In accordance with section 194.036(l)(c), the Bay County Property Appraiser filed such an assertion with DOR challenging the Bay County VAB’s decisions involving 19 taxpayer petitions. DOR issued a probable cause review stating that there was no *1287 probable cause to find that a consistent and continuous violation by the Bay County VAB had occurred. DOR’s probable cause review concluded, “Accordingly, the Bay County Property Appraiser is not authorized to file suit” under section 194.036(l)(c).
The Bay County Property Appraiser filed a notice of appeal within 30 days of issuance of the probable cause review. However, that appeal was dismissed by this court for lack of jurisdiction. See Sowell v. State of Florida Dept. of Revenue, 122 So.3d 996 (Fla. 1st DCA 2013). Because DOR refused to file the probable cause review with the agency clerk, no final order had been rendered as defined by Florida Rule of Appellate Procedure P. 9.020(i), which provides that an “order is rendered when a signed, written order is filed with the clerk of the lower tribunal.”
The Bay County Property Appraiser now seeks a writ of mandamus to require DOR to file the probable cause review with the agency clerk arguing that he is a “party who is adversely affected by final agency action” entitled to judicial review as allowed by section 120.68(1). We agree.
Section 194.036(l)(c) provides, in pertinent part, that if a property appraiser disagrees with the decisions of the VAB, he or she may appeal the decision to the circuit court if:
There is an assertion by the property appraiser to the Department of Revenue that there exists a consistent and continuous violation of the intent of the law or administrative rules by the value adjustment board in its decisions.... If the department finds upon investigation that a consistent and continuous violation of the intent of the law or administrative rules by the board has occurred, it shall so inform the property appraiser, who may thereupon bring suit in circuit court against the value adjustment board for injunctive relief to prohibit continuation of the violation of the law or administrative rules and for a mandatory injunction to restore the tax roll to its just value in such amount as determined by judicial proceeding.
Section 194.036(l)(c) allows a property appraiser, in the event of a probable cause finding by DOR, to file suit directly against the VAB for injunctive relief. See § 194.181(2) (providing that in any other case brought by a property appraiser pursuant to section 194.036(l)(a) or (b), the taxpayer is the party defendant). Section 194.036(l)(c) is silent as to what action a property appraiser may take against the VAB if DOR makes a finding of no probable cause.
Unlike other statutes[1] governing the Department of Revenue and its supervisory authority over the actions of property appraisers which specifically state that Chapter 120 shall not apply, section 194.036(1) does not contain language which would exempt the probable cause determination of an assertion from Chapter 120. DOR’s ruling that “the Bay County Property Appraiser is not authorized to file suit” is agency action within the meaning of Chapter 120. “ ‘The test to determine whether an order is final or interlocutory in nature is whether the case is disposed of by the order ...’” Id., quoting Prime Orlando Props., Inc. v. Dept. of Bus. Reg *1288 ulation, Div. of Land Sales, Condominiums and Mobile Homes, 502 So.2d 456, 459 (Fla. 1st DCA 1986). Section 120.68(1) provides that a “party who is adversely affected by final agency action is entitled to judicial review.” Final agency action is that which brings the administrative adjudicatory process to a close. See Hill v. Div. of Ret., 687 So.2d 1376 (Fla. 1st DCA 1997).
In this case, DOR will take no further action in the matter, thus its probable cause review is final agency action. See O'Donnell's Corp. v. Ambroise, 858 So.2d 1138 (Fla. 5th DCA 2003). DOR’s ruling explicitly purports to prevent the Bay County Property Appraiser from bringing suit against the Bay County VAB in circuit court. Plainly, the Bay County Property Appraiser is adversely affected by the finding of no probable cause but, because DOR has refused to render its ruling by filing it with the agency clerk, the property appraiser cannot seek judicial review as contemplated by section 120.68(1). Accordingly, the property appraiser has established the right to mandamus relief. See Huffman v. State, 813 So.2d 10, 11 (Fla.2000) (“In order to be entitled to a writ of mandamus the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available.”).
The petition for writ of mandamus is granted with directions to the Department of Revenue to file the probable cause review with the agency clerk within 30 days of issuance of mandate in this case.
BENTON, VAN NORTWICK, and THOMAS, JJ., concur.

. See e.g., § 195.096(8) (DOR’s review of property appraisers’ annual assessment rolls), § 195.097(6) (DOR’s postaudit notification of defects in assessment rolls), § 195.0995(3) (DOR's review of appraisers’ use of sales ■ transactions data), § 193.1142(8) (DOR’s approval of assessment rolls) and § 193.1145(14) (DOR’s approval of interim assessment rolls). See also § 195.092(5) (concerning the authority of DOR and property appraisers to bring and maintain lawsuits).