PER CURIAM.
Appellant, Dan Sowell, the Bay County Property Appraiser, appeals the “Probable Cause Review by the Department of Revenue” and argues that Appellee, the Department of Revenue (“Department”), erroneously concluded that Appellant’s “Assertion” filed pursuant to section 194.036(l)(c), Florida Statutes (2012), did not establish probable cause that the Bay County Value Adjustment Board (“Board”) committed a consistent and continuous violation of the intent of the law or administrative rules in adopting as final decisions the recommendations of the special magistrates in nineteen cases where property owners challenged the valuation of various types of properties for the 2012 tax year. In its Assertion, Appellant contended that the special magistrates, by deducting from the market value of the properties at issue fifteen percent “for the 1st — 8th criteria” or “for the 1st and 8th criteria”[1] to arrive at just value, violated the longstanding rule of law in Florida that fair market value and just value are legally synonymous. See Smith v. Krosschell, 937 So.2d 658, 662 (Fla.2006) (citing Walter v. Schuler, 176 So.2d 81 (Fla.1965)). Given' the parties’ strong disagreement as to whether the Board’s actions in this case violated the law and the complexities of the issues involved, we agree with Appellant that the Department erred in determining that there was no probable cause of a violation of the law. *356 We, therefore, reverse the Department’s Probable Cause Review and remand for entry of an order finding the requisite probable cause so that Appellant may proceed to circuit court if he so chooses.[2]
REVERSED and REMANDED with instructions.
ROBERTS, C.J., BENTON and LEWIS, JJ., concur.

. Section 193.011, Florida Statutes (2012), lists the eight factors “to consider in deriving just valuation.”

. See § 194.036(l)(c), Fla. Stat. (2012) (providing in part that "[i]f the department finds upon investigation that a consistent and continuous violation of the intent of the law or administrative rules by the board has occurred, it shall so inform the property appraiser, who may thereupon bring suit in circuit court against the value adjustment board for injunctive relief”).