# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2024-0680
_____

AMY MERCADO, Orange County
Property Appraiser,

      Appellant,

      v.

STATE OF FLORIDA, DEPARTMENT
OF REVENUE,

      Appellee.

_____

An appeal from an order of the Department of Revenue.
James Zingale, Executive Director.

June 10, 2026

NEFF, J.

In this appeal, the Orange County Property Appraiser (OCPA) seeks review of an action of the Department of Revenue (DOR). The action in question is a self-styled "Probable Cause Review" which was filed with the agency's clerk on February 29, 2024. The OCPA asserts it established probable cause that "there exists a consistent and continuous violation of the intent of the law or administrative rules by the value adjustment board in its decisions." § 194.036, Fla. Stat. (2023). The DOR disagrees with the OCPA's argument and contends that its review demonstrated the lack of probable cause. Upon examination of the clear and unambiguous statutory language of section 194.036(1)(c), we find

no basis for the DOR to perform a "Probable Cause Review" of an assertion filed by a property appraiser. Instead, the DOR should follow the statutory requirements when it is reviewing an assertion from a property appraiser.

Prior to the 1976 creation of then-section 194.032(6) (Ch. 76-234, § 3, Laws of Fla.), which is now section 194.036(1), there was no right of a property appraiser to appeal adverse decisions of a value adjustment board. One of the primary purposes of the 1976 enactment, therefore, was to provide for the methods and conditions of appeals by the property appraiser. The avenue of appeal at issue in this case regards section 194.036(1)(c). The relevant statutory language is as follows:

> There is an assertion by the property appraiser to the Department of Revenue that there exists a consistent and continuous violation of the intent of the law or administrative rules by the value adjustment board in its decisions. The property appraiser shall notify the department of those portions of the tax roll for which the assertion is made. The department shall thereupon notify the clerk of the board who shall, within 15 days of the notification by the department, send the written decisions of the board to the department. Within 30 days of the receipt of the decisions by the department, the department shall notify the property appraiser of its decision relative to further judicial proceedings. If the department finds upon investigation that a consistent and continuous violation of the intent of the law or administrative rules by the board has occurred, it shall so inform the property appraiser, who may thereupon bring suit in circuit court against the value adjustment board for injunctive relief to prohibit continuation of the violation of the law or administrative rules and for a mandatory injunction to restore the tax roll to its just value in such amount as determined by judicial proceeding.

§ 194.036(1)(c). Other than changing the entity terminology from the "board of tax adjustment" to the "value adjustment board," the

2

pertinent language of the relevant 2023 statutory text is identical to its 1976 version.

Early in the statute's existence, the understanding of the DOR's role in this statutorily created process became muddled. In the first appellate opinion regarding the then-new statutory framework, the Second District Court of Appeal declared, without explanation, "In essence, by virtue of its general supervision over property assessments, the Department of Revenue is charged with deciding whether the property appraiser has probable cause to go to court." *Prop. Appraisal Adjustment Bd. of Sarasota Cnty. v. Fla. Dep't of Revenue*, 349 So. 2d 804, 805 (Fla. 2d DCA 1977).

A year later, the Second District Court of Appeal reiterated its claim that the statutory framework required a mere "probable cause" review by the DOR. In this instance, our sister court offered additional terminology, but no further explanation. Those additional phrases only deepened the uncertainty. The court opined:

> It is, in this sense, a true probable cause determination. *See, e.g., Property Appraisal Adjustment Board of Sarasota County v. Florida Department of Revenue*, 349 So. 2d 804 (Fla. 2d DCA 1977). Based solely upon the record of Property Appraisal Adjustment Board proceedings the DOR determines whether there is good cause for the conclusion of the Property Appraiser that the Property Appraisal Adjustment Board has consistently and continuously violated a law or rule one of the grounds for appeal now extended to the Property Appraiser.

*Mikos v. Prop. Appraisal Adjustment Bd. of Sarasota Cnty.*, 365 So. 2d 757, 759 (Fla. 2d DCA 1978). To make things more opaque for the DOR in its statutorily mandated review process, the court not only called the determination a "true probable cause determination," but in the very next sentence labeled it a "good cause" determination.

Several years later, in 1982, the Third District Court of Appeal adopted the Second District's understanding, stating:

3

In essence, this statute provides that if, after investigation, the Department of Revenue makes a probable cause determination that "there exists a consistent and continuous violation of the intent of the law or administrative rules by the Property Appraisal Adjustment Board in its decisions," *see Property Appraisal Adjustment Board of Sarasota County v. Florida Department of Revenue*, 349 So. 2d 804 (Fla. 2d DCA 1977), the Property Appraiser may bring suit to enjoin such future violations and to "restore the tax roll to its just value in such amount as determined by judicial proceeding."

*Higgs v. Prop. Appraisal Adjustment Bd. of Monroe Cnty.*, 411 So. 2d 307 (Fla. 3d DCA 1982).

For nearly fifty years, the DOR has operated in a needlessly confused environment where the task it is to perform under section 194.036(1)(c) has been completely detached from the plain language of the text. Furthermore, rather than clarifying the DOR's statutory obligations, the unnecessary judicial exposition has confused the process. Now the DOR has three possible standards to apply—1) in essence, a probable cause review; 2) a true probable cause review; or 3) a good cause review—none of which has been explained and all of which remain subject to various context-dependent definitions. *See, e.g., Dohnal v. Syndicated Offices Sys.*, 529 So. 2d 267, 269 (Fla. 1988) ("The determination of good cause is based on the peculiar facts and circumstances of each case."); *Goldstein v. Sabella*, 88 So. 2d 910, 911 (Fla. 1956) (noting that "one need not be certain of the outcome of a criminal or civil proceeding to have probable cause for instituting such an action"); *J.J. v. State*, 312 So. 3d 116, 120 (Fla. 3d DCA 2020) (noting that probable cause in the criminal context does not require proof that something is more likely true than false, but only a fair probability, a standard understood to mean something more than a bare suspicion but less than a preponderance of the evidence at hand); *Fish v. Dep't of Health, Bd. of Dentistry*, 825 So. 2d 421, 423 (Fla. 4th DCA 2002) ("To sustain a probable cause determination there must be some evidence considered by the panel that would reasonably indicate

4

that the violation had indeed occurred."); *Williams v. Estate of Williams*, 493 So. 2d 44, 45 (Fla. 5th DCA 1986) (stating that "[w]hat is or is not sufficient to establish 'good cause' . . . is primarily addressed to the conscience and discretion of the probate judge").

When, as in this case, the language of a statute is clear and unambiguous, "we need only resort to what Justice Thomas has described as the 'one, cardinal canon [of construction] before all others'—that is, we 'presume that a legislature says in a statute what it means and means in a statute what it says there.'" *Page v. Deutsche Bank Tr. Co. Americas*, 308 So. 3d 953, 958 (Fla. 2020) (alteration in original) (quoting *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992)). Due to the plainly laid out process in section 194.036(1)(c), there is no need for any judicial gloss[1] on the text. *See White v. State*, 666 So. 2d 895, 896 (Fla. 1996) ("The inclusion of manslaughter was a legislative choice which, when plainly stated, offers little room for judicial gloss. We must take it as stated.").

The statute requires the DOR to "find upon investigation" that a "consistent and continuous violation of the intent of the law or administrative rules by the board has occurred." § 194.036(1)(c).

---

[1] Any judicial gloss on a statute which diverts the meaning of a statute from its plain and obvious meaning to something else is a distortion of the judicial function and an improper encroachment into the legislative function. *Wright v. City of Miami Gardens*, 200 So. 3d 765, 774 (Fla. 2016) ("[A]s a coequal branch of government with the utmost respect for the separation of powers, we can neither legislate nor question the wisdom of the Legislature."); *State v. Barquet*, 262 So. 2d 431, 433 (Fla. 1972) ("Governmental powers are divided into the executive, legislative and judicial branches. The lawmaking function is the chief legislative power. This function involves the exercise of discretion as to the contents of a statute, its policy or what it shall be. The judicial branch is constitutionally forbidden from exercising any powers appertaining to the legislative branch[.]"). Judicial lawmaking under the guise of interpretation is antithetical to our constitutional system of separated powers.

This language reflects three deliberate legislative choices. First, the word "finds" connotes substantive fact-finding rather than threshold screening. Second, the phrase "has occurred" describes a definitive determination, not a probability assessment. Third, the statute conspicuously omits the phrase "probable cause," which the Legislature uses frequently and deliberately when it intends that standard to apply. *See*, *e.g.*, § 455.225(4), Fla. Stat.; § 456.073, Fla. Stat.; § 901.15, Fla. Stat. The absence of that language in section 194.036(1)(c) is not an oversight, and we will not read it as one. It reflects a legislative choice to impose a different, more demanding standard—one that requires the DOR to determine whether a violation has in fact occurred, not merely whether probable cause exists to believe it did. The judiciary is not empowered to alter these requirements, nor may the DOR ignore these requirements.

The preponderance of the evidence is the generally accepted burden of proof in civil matters. *Naples Estates Ltd. P'ship v. Glasby*, 331 So. 3d 863, 867 (Fla. 2d DCA 2021); *Seropian v. Forman*, 652 So. 2d 490, 494 (Fla. 4th DCA 1995); *see also* § 120.57(1)(j), Fla. Stat.; § 194.301(2)(a), Fla. Stat. "Absent clear direction from the Legislature, we find no reason to deviate from that standard here." *Hack v. Janes*, 878 So. 2d 440, 444 (Fla. 5th DCA 2004). Thus, the language of the statute requires the DOR to investigate the assertion, determine which asserted facts are supported by evidence, and make a determination, based on the preponderance of the evidence, whether a "consistent and continuous violation of the intent of the law or administrative rules by the board has occurred."

We acknowledge this court has previously reviewed a case with near identical facts and legal dispute. In *Sowell v. State of Florida Dep't of Revenue*, 168 So. 3d 355 (Fla. 1st DCA 2015), we reversed a "Probable Cause Review by the Department of Revenue" and instructed the agency to enter an order finding probable cause. *Id*. at 356. However, that prior, one-paragraph decision offered no discussion about the language of the pertinent statute, no analysis of the proper review standard, and no explanation of how it reached its conclusion regarding the agency's review beyond noting that the parties strongly disagreed and that probable cause therefore existed. Accordingly, this panel is not bound by the decision of the prior panel as no rule of law was

6

articulated.[2] *See Fla. Comm'n on Offender Rev. v. Johnson*, 429 So. 3d 1073, 1078 (Fla. 1st DCA 2026) ("Stare decisis binds us to what a prior decision actually decided—not to what might have been assumed or silently considered.").

In the instant case, we find that the DOR has not carried out its statutorily mandated review of the OCPA's assertion in the required manner. Despite our sister courts' longstanding opinions declaring that the DOR's review of a property appraiser's assertion is accomplished through an undefined probable cause analysis, those decisions are unmoored from the language of the statute and we decline to follow them. Instead, as discussed above, the DOR is required to investigate and determine whether a "consistent and continuous violation of the intent of the law or administrative rules by the board has occurred." Absent legislative guidance otherwise,

---

[2] We respectfully disagree with the dissent. An articulated rule of law is a legal principle or standard that a court explicitly formulates and applies to resolve a case, as distinguished from a bare assertion or conclusory statement unsupported by reasoned analysis. *See Pedroza v. State*, 291 So. 3d 541, 547 (Fla. 2020) (stating that "[a] holding consists of those propositions along the chosen decisional path or paths of reasoning that (1) are actually decided, (2) are based upon the facts of the case, and (3) lead to the judgment"). At best, *Sowell* held merely that because the parties strongly disagreed as to whether the value adjustment board committed a consistent and continuous violation of the intent of the law or administrative rules, probable cause existed. Nothing more. This panel's decision is not at odds with *Sowell* as *Sowell* never analyzed the appropriate review standard per the statutory text. Rather than analyzing whether the statute requires a probable cause standard, *Sowell* assumed it without any analysis or any citation to authority to support the conclusion. This is exactly what *Johnson* says does not bind a future panel. *Id.* at 1078 ("The opinion contains no discussion of the sentencing statutes then in effect, no analysis of the sentencing guidelines or parole framework, and no explanation of how the Court reached its conclusion regarding parole eligibility. With no articulated rule of law, we cannot supply one.").

the burden of proof is the default civil standard: a preponderance of the evidence. Therefore, we set aside the final order of the DOR.

Finally, we certify conflict with the Second District's decisions in *Prop. Appraisal Adjustment Bd. of Sarasota Cnty. v. Fla. Dep't of Revenue*, 349 So. 2d 804 (Fla. 2d DCA 1977) and *Mikos v. Prop. Appraisal Adjustment Bd. of Sarasota Cnty.*, 365 So. 2d 757 (Fla. 2d DCA 1978), as well as the Third District's decision in *Higgs v. Prop. Appraisal Adjustment Bd. of Monroe Cnty.*, 411 So. 2d 307 (Fla. 3d DCA 1982).

SET ASIDE and REMANDED for further consideration consistent with this opinion. CONFLICT CERTIFIED.

WINOKUR, J., specially concurs with opinion; LEWIS, J., concurs in reversal and remand only and dissents as to the directions on remand and certification.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

WINOKUR, J., concurring specially.

While I concur with the court's decision, I write to make two observations.

First, I acknowledge that Appellant Mercado sought direct review of the DOR's decision in good faith, based on this court's decision in *Sowell v. Department of Revenue*, 136 So. 3d 1285 (Fla.

8

1st DCA 2014).[1,2] Nonetheless, I have doubts about *Sowell*'s conclusion that a DOR decision pursuant to section 194.036(1)(c), Florida Statutes, constitutes "final agency action" as that phrase is used in section 120.68(1)(a), Florida Statutes, which authorizes review by a district court of appeal.

Section 194.036(1) provides three methods for a property appraiser to challenge decisions of a value adjustment board (VAB). The first two methods allow the property appraiser to "appeal" a "decision" of the VAB to the circuit court.[3] § 194.036(1)(a), (b), Fla. Stat. The third, which is at issue here, does not involve a challenge to an individual decision of the VAB, but involves an allegation that the VAB's decisions constitute "a consistent and continuous violation of the intent of the law or administrative rules." § 194.036(1)(c), Fla. Stat. Because the allegation does not involve an individual VAB decision that may be "appealed" to the circuit court, paragraph (1)(c) permits an original action in the circuit court, subject to a gatekeeping function of DOR. The statutory process requires the property appraiser to notify DOR of the claim against the VAB, and then for DOR to decide, after an investigation, whether a consistent and continuous violation of the intent of the law or rules by the VAB has occurred. If DOR finds such a pattern of violations, the property appraiser may "bring suit in circuit court against the [VAB] for injunctive relief." *Id.* As mentioned above, paragraph (1)(c) does not authorize reversal of a VAB decision; rather, it authorizes an injunction against the VAB. The statute does not,

---

[1] This case is not the same as the one mentioned in the majority opinion, *Sowell v. State of Florida Dep't of Revenue*, 168 So. 3d 355 (Fla. 1st DCA 2015), but is a predecessor to that case.

[2] *See* Art. V, § (4)(b)(2), Fla. Const. (giving district courts of appeal the power of "direct review of administrative action, as prescribed by general law."); *see also* § 120.68, Fla. Stat.

[3] Circuit courts have the "power of direct review of administrative action [as] prescribed by general law." Art. V, § 5(b), Fla. Const.

9

however, indicate what action may be taken by the property appraiser if DOR does *not* find such a pattern of violations.

In *Sowell*, DOR apparently argued that its decision under section 194.036(1)(c) finding that a VAB did not commit a consistent and continuous violation of the intent of the law was not subject to any requirements of Chapter 120, the Administrative Procedure Act. For his part, the Property Appraiser argued that the DOR decision was subject to Chapter 120, specifically by appeal to the district court of appeal under the provisions of section 120.68(1), Florida Statutes. While I acknowledge our court's decision in *Sowell*, I believe that neither party was correct.

Choosing between these two positions alone, I would conclude that DOR's investigatory decision is not subject to Chapter 120. While a DOR finding that a VAB has not committed "a consistent and continuous violation of the intent of the law or administrative rules" precludes a property appraiser from seeking injunctive relief under section 194.036(1)(c), it does not preclude a property appraiser from challenging any particular decision of a VAB individually by appeal to the circuit court on the ground that the VAB decision constituted "a specific constitutional or statutory violation, or a specific violation of administrative rules." § 194.036(1)(a), Fla. Stat.[4] In other words, a DOR decision that no consistent and continuous violation occurred does not foreclose relief by appeal of any individual decisions by the VAB.

To the extent that the DOR investigatory decision *is* subject to Chapter 120, it is not by immediate appeal to a district court under section 120.68. This court's conclusion in *Sowell* to the contrary comes from reading a single sentence in section 120.68 in isolation: "A party who is adversely affected by final agency action is entitled to judicial review." § 120.68(1)(a), Fla. Stat. Noting that "DOR will take no further action in the matter" following the conclusion of its investigation, the *Sowell* court holds that "its

---

[4] This conclusion would be particularly true if the DOR decision is only a probable cause determination, although I agree with the majority opinion that this standard is inconsistent with the statute.

probable cause review is final agency action." *Sowell*, 136 So. 3d at 1288. This argument, however, fails to view section 120.68 within the broader context of Chapter 120.

The Administrative Procedure Act was enacted to provide a "uniform" and comprehensive set of rules relating to agency actions, including "administrative adjudication [and] judicial review." § 120.72(1), Fla. Stat. (Supp. 1974). *Sowell* takes what is explicitly an agency investigation and assigns it the status of an "administrative adjudication," for which a party may skip the entire adjudicatory processes set forth in Chapter 120 and proceed straight to judicial review by an appellate court.[5]

If indeed Chapter 120 applies to the procedure set forth in 194.036(1)(c), then Mercado should be able to proceed under section 120.569, Florida Statutes, as her "substantial interests" were "determined by an agency." If Mercado exhausted her remedies under sections 120.569 and 120.57, resulting in an appealable final order, then, and only then, she would be entitled to judicial review as set forth in section 120.68. But she cannot circumvent the entire process set forth in Chapter 120 and proceed straight to the appellate remedies of section 120.68. *See Pretzer v. Swearingen*, 394 So. 3d 175, 186 (Fla. 1st DCA 2024) (en banc) ("As a matter of basic administrative law, a party challenging an agency action or decision must exhaust all administrative remedies before seeking judicial review.").

If, conversely, Chapter 120 did *not* apply to DOR's decision, I fail to apprehend how Mercado could seek review under the provisions of Chapter 120.68. Either Chapter 120 applies or it does not, and if it does, Mercado's remedies fall under section 120.569, not section 120.68.

Accordingly, I discern at least two avenues for Mercado to proceed following an unfavorable DOR decision on an assertion under section 194.036(1)(c): she could appeal to the circuit court any of the VAB decisions for which she claims the VAB violated

---

[5] *See* § 120.57(5), Fla. Stat. ("This section does not apply to agency investigations preliminary to agency action.").

11

the law, pursuant to section 194.036(1)(a), or, presuming that Chapter 120 applies at all, she could seek her administrative remedies provided in sections 120.569 and 120.57.[6]

Nonetheless, I recognize our decision in *Sowell*. Because Mercado brought this action in good faith based on *Sowell*, and because we are setting aside the DOR decision, my concerns about *Sowell* need not be addressed to decide this case.

Second, I have concerns about the disposition of this case on remand, and whether setting aside DOR's decision is necessary in light of them. I agree with the majority that the cases holding that a DOR decision set forth in section 194.036(1)(c) is a probable cause determination are inconsistent with the statute. However, it seems likely that a decision by DOR that the evidence does not support probable cause of a consistent and continuous violation— as it made here—necessarily means that DOR did not find that a consistent and continuous violation actually occurred.

In other words, I question whether this error adversely impacted Mercado to the extent that she is entitled to have a court set aside the DOR decision on review. Nevertheless, remand is permitted when a "failure to follow prescribed procedure" impairs the "fairness of the proceedings or correctness of [an agency] action." § 120.68(7)(c), Fla. Stat. Whether the record shows that DOR necessarily found that a consistent and continuous violation occurred, it did not follow the proper procedure prescribed in section 194.036(1)(c). This alone is sufficient to support this court's disposition.

---

[6] Section 195.092(2), Florida Statutes, reads, "[t]he property appraiser . . . shall have the authority to bring and maintain such actions as may be necessary to contest the validity of any rule, regulation, order, directive, or determination of any agency of the state." I do not address whether Mercado has a separate judicial remedy against DOR under this section.

12

LEWIS, J., concurring in reversal and remand only and dissenting as to the directions on remand and certification.

I agree with the majority that the Department of Revenue's Probable Cause Review should be reversed. However, I would base the reversal on our prior opinion in *Sowell v. State of Florida Department of Revenue*, 168 So. 3d 355 (Fla. 1st DCA 2015), where, as the majority acknowledges, this Court "reviewed a case with near identical facts and legal dispute." Contrary to the majority's conclusion that we are not bound to follow *Sowell* in this appeal because it contained no discussion or analysis, we reversed the Department's Probable Cause Review in that case while explaining:

> Given the parties' strong disagreement as to whether the [Value Adjustment] Board's actions in this case violated the law and the complexities of the issues involved, we agree with Appellant that the Department erred in determining that there was no *probable cause* of a violation of the law. We, therefore, reverse the Department's Probable Cause Review and remand for entry of an order finding the *requisite probable cause* so that Appellant may proceed to circuit court if he so chooses.

*Id.* at 355–56 (emphasis added).

While the majority has certified conflict with the Second and Third District's opinions adopting a probable cause standard, it claims that *Sowell* need not be followed because no rule of law was articulated there. As the majority recognizes, however, the doctrine of stare decisis "binds us to what a prior decision actually decided." *See Fla. Comm'n on Offender Rev. v. Johnson*, 429 So. 3d 1073, 1078 (Fla. 1st DCA 2026). It is undisputed that what this Court *actually* decided in *Sowell* was that the Department of Revenue erred in finding that no probable cause of a violation of the law had been shown on "near identical facts and legal dispute." In making that determination, this Court did not assume or silently consider what review the Department must undertake pursuant to section 194.036(1)(c), Florida Statutes. Instead, we necessarily had to consider that review, and in observing that

13

probable cause was the "requisite" standard, we cited to section 194.036(1)(c), which is the same statutory provision that, according to the majority, contains no probable cause standard.

While the majority is certainly free to disagree with *Sowell*, the proper course of action would be to pursue en banc review of the decision. *See In re Rule 9.331, Determination of Causes by a Dist. Ct. of Appeal En Banc, Fla. Rules of App. Proc.*, 416 So. 2d 1127, 1128 (Fla. 1982) (agreeing that a "three-judge panel of a district court should not overrule or recede from a prior panel's ruling on an identical point of the law"); *Wanless v. State*, 271 So. 3d 1219, 1223 (Fla. 1st DCA 2019) ("We are of course bound to follow our own decisions unless and until an intervening decision from the Florida Supreme Court, the United States Supreme Court, or this court sitting en banc compels otherwise."); *Taylor Eng'g, Inc. v. Dickerson Fla., Inc.*, 221 So. 3d 719, 723 n.3 (Fla. 1st DCA 2017) ("We also note the well-established rule that 'a three-judge panel of a district court should not overrule or recede from a prior panel's ruling on an identical point of the law.'").

For these reasons, I agree that reversal and remand is warranted in this case, but in accordance with our binding precedent in *Sowell*, not based upon the majority's reasoning. I dissent as to the majority's instructions on remand and certification. As stated, *Sowell* requires that the entry of an order finding probable cause be entered on remand so that the property appraiser may file suit in circuit court.

_____

Loren Eugene Levy and Sydney Elizabeth Rodkey of The Levy Law Firm, Tallahassee, for Appellant.

James Uthmeier, Attorney General, Timothy E. Dennis, Chief Assistant Attorney General, and Donald Jason Harrison, Senior Assistant Attorney General, Tallahassee; Thomas Andrew Pratt, Assistant Attorney General, Orlando; Mark Sean Hamilton, General Counsel, and Stephen J. Keller, Chief Assistant General Counsel, of the Department of Revenue, Tallahassee, for Appellee.