SPECTOR, Judge.
Petitioner has filed what purports to be a petition for writ of mandamus whereby he seeks the issuance of a writ commanding the respondent Ralph Davis, Executive Director of the Department of Public Safety to issue an automobile driver’s license to petitioner.
The petitioner alleges that subsequent to being adjudicated incompetent, he was duly and legally restored to competency status.
Now that petitioner’s competency has been legally established as a matter of law, a status that is merely presumed as to other citizens, petitioner seeks the restoration of his driver’s license which was lawfully suspended on the occasion of his incompetency adjudication. The authority to suspend a driver’s license upon such adjudication is found in Section 322.27, Florida Statutes, F.S.A., and Section 322.27(1) (c). Such licenses may not initially be issued to persons who have been adjudicated incompetent and not yet restored to competency. Section 322.05(5), Florida Statutes, F.S.A.
Although petitioner seeks restoration of his driver’s license, he has not alleged that he has applied for the issuance thereof with the state agency authorized by law to do so. Nor does petitioner allege that he has successfully passed the driver’s license examination prescribed by Section 322.29, Florida Statutes, F.S.A.
 Mandamus is a remedy by which administrative officials or agencies may be coerced to perform ministerial duties which they have a clear legal duty to perform. That remedy will not lie in absence of a showing that the administrative official has refused to perform the duty sought to be coerced upon application or request made therefor in accordance with the laws which establish or create the duty which is sought to be coerced. A recognized exception to the requirement that application be made with the administrative official or agency is where it can be shown that it would be fruitless and of no avail to apply to the administrative official or agency for the relief sought. In such latter cases, the law will not require the performance of useless acts. Miami Beach v. Sunset Islands 3 & 4 Property Owners Association, 216 So.2d 509 (Fla.App. 1968).
No allegations or showings are made in the petition before us that petitioner has applied to the respondent for his license in the manner and subject to the conditions provided by law.
Accordingly, mandamus will not lie and the petition must be denied.
WIGGINTON, Acting C. J., and JOHNSON, J., concur.