689 So.2d 1174 (1997)
STATE of Florida, Appellant,
v.
Evan PLOTKA, Appellee.
No. 96-0839.
District Court of Appeal of Florida, Fifth District.
March 7, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Appellant.
Karen M. Nissen of Vernis & Bowling, P.A., Jupiter, and Evan B. Plotka, Fort Lauderdale, for Appellee.
ANTOON, Judge.
The state appeals the trial court's order expunging the defendant's criminal history record. We must reverse because the defendant failed to file a certificate of eligibility from the Florida Department of Law Enforcement as required by section 943.0585(2), Florida Statutes (1995).
Section 943.0585 provides that the courts of this state "shall not order a criminal justice agency to expunge a criminal history record until the person seeking to expunge a criminal history has applied for and received a certificate of eligibility for expunction." However, Florida Rule of Criminal Procedure 3.692, which pertains to petitions to seal or expunge criminal records, does not include this requirement.
Here, the defendant moved to expunge his criminal record but failed to obtain a certificate of eligibility from the Florida Department of Law Enforcement. *1175 Overruling the state's objection, the trial court concluded that, to the extent rule 3.692 is inconsistent with section 943.0585, the rule is controlling. In so ruling, the trial court concluded that the statutory condition precedent of the certificate of eligibility was procedural and, therefore, violated the supreme court's rule-making authority.
Since the trial court's ruling, our supreme court has issued its opinion in State v. D.H.W., 686 So.2d 1331 (Fla.1996), which holds that section 943.0595 does not violate the separation of powers provision of Article II, section 3, of the Florida Constitution. Accordingly, a petition to expunge a criminal history record may not be granted until the conditions precedent in section 943.0585 have been satisfied.
REVERSED.
PETERSON, C.J., and THOMPSON, J., concur.