700 So.2d 1242 (1997)
Marian Elizabeth ROWELL, Appellant,
v.
STATE of Florida, FLORIDA DEPARTMENT OF LAW ENFORCEMENT, Appellee.
No. 96-04666.
District Court of Appeal of Florida, Second District.
October 17, 1997.
*1243 Kevin G. Duggan, Ruskin, for Appellant.
John P. Booth, Assistant General Counsel, Tallahassee, for Appellee.
PER CURIAM.
The appellant, Marian Elizabeth Rowell, contends that the Florida Department of Law Enforcement (FDLE) erred in refusing to certify her eligibility to have her criminal history sealed. We dismiss the appeal, as we are without jurisdiction to consider it.
Pursuant to section 943.059, Florida Statutes (1995), one seeking the sealing of non-judicial criminal history records by court order must first apply for and receive a certificate of eligibility from FDLE. See also State v. D.H.W., 686 So.2d 1331 (Fla.1996); Anderson v. State, 692 So.2d 250 (Fla. 3d DCA 1997); State v. Silva, 691 So.2d 529 (Fla. 3d DCA 1997); Fla. Admin. Code Ann. R. 11C-7 (1992). In this instance, after submitting a properly completed application on July 31, 1996, Rowell received a letter from FDLE stating that a certificate could not be issued in her case, because she pleaded no contest in 1994 to misdemeanor child abuse, an offense which rendered her criminal history ineligible for sealing under the current version of section 943.059. Rowell, asserting that the denial of her certification request constituted a final agency action, seeks direct review in this court, arguing that FDLE should have looked to the law in effect when she entered her no contest plea, rather than the current law, to determine her eligibility to have her records sealed. At the time of her plea, misdemeanor child abuse was not a disqualifying offense.
The appropriate forum for review of an administrative agency action is determined by the nature and character of the action unless otherwise specified by law. See Von Stephens v. School Board of Sarasota County, 338 So.2d 890, 892-93 (Fla. 2d DCA 1976). A final agency action is subject to direct review in a district court. See § 120.68, Fla. Stat.; Fla. R.App. P. 9.030(b)(1)(C); Bureau of Community Medical Facilities v. Samson, 341 So.2d 1071, 1073 (Fla. 1st DCA 1977). The same is true of a quasi-judicial agency decision. See Von Stephens, 338 So.2d at 893. Relief from an order which is not quasi-judicial is by an original proceeding in the trial court. See id.
According to section 120.52(2), "agency action" means a rule, order, or the equivalent thereofor the refusal to adopt a rule or issue an order. Section 120.52(11) provides: "`order' means a final agency decision which" is not a rule and which is "reduced to writing and filed with the person designated" as the agency clerk. A quasi-judicial agency action is characterized by notice and a hearingi.e., some sort of factfinding process pursuant to statutory requirements. See Von Stephens, 338 So.2d at 893.
In this instance, FDLE's letter informing Rowell that a certificate could not be issued in her case was neither a final agency action nor a quasi-judicial order. FDLE was merely complying withor trying to comply witha legislative mandate to perform a ministerial act and was not otherwise acting on its own authority. See id. Furthermore, according to D.H.W., "a citizen who contends that [FDLE] has not issued a certificate of eligibility in accord with section 943.059(2) may petition the [trial] court for compliance and have the issue adjudicated." 686 So.2d at 1335. Rowell filed no petition in the trial court before seeking review in this court.
Based on the foregoing, this court is without jurisdiction to consider Rowell's appeal because, at this stage, it is premature. See Fla. R.App. P. 9.110(m). This cause is therefore *1244 dismissed without prejudice for Rowell to file either a mandamus petition, or other appropriate action, in the trial court to resolve the dispute at hand. See D.H.W. See also Fair v. Davis, 283 So.2d 377, 378 (Fla. 1st DCA 1973) ("mandamus is a remedy by which administrative officials or agencies may be coerced to perform ministerial duties which they have a clear legal duty to perform"); Shea v. Cochran, 680 So.2d 628, 629 (Fla. 4th DCA 1996) ("a duty or act is ... ministerial when there is no room for discretion, and the performance ... required is directed by law"); Von Stephens, 338 So.2d at 893.
Dismissed.
FRANK, A.C.J., and THREADGILL and ALTENBERND, JJ., concur.