ORFINGER, J.
The State of Florida appeals the trial court’s order expunging Kevin S. Harvill’s non-judicial criminal history records. We reverse.
Section 943.0585, Florida Statutes (2000), provides that the courts “shall not order a criminal justice agency to expunge a criminal history record until the person seeking to expunge a criminal history has applied for and received a certificate of eligibility for expunction.” Here, Harvill filed his petition to expunge and attached the required certificate of eligibility from the Florida Department of Law Enforcement (FDLE). However, several days before the hearing on Harvill’s motion, FDLE advised Harvill’s attorney and the State that it was revoking the certificate of eligibility because FDLE learned that Harvill secured a prior sealing or expunction of a criminal history record in Louisiana.
The existence of a valid certifí-cate of eligibility is a condition precedent to the court’s consideration of an expungement petition. State v. Plotka, 689 So.2d 1174 (Fla. 5th DCA 1997). We conclude that the trial court erred when it failed to consider that because FDLE revoked the required certificate of eligibility, Harvill had not complied with the required conditions precedent. If Harvill believes that FDLE has erroneously revoked his certificate of eligibility, he may “file either a mandamus petition, or other appropriate action, in the trial court to resolve the dispute.” See Rowell v. State, Fla. Dep’t of Law Enforcement, 700 So.2d 1242, 1244 (Fla. 2nd DCA 1997). We reverse the trial court’s order and remand the matter for further consideration consistent herewith.
REVERSED AND REMANDED.
SAWAYA, C.J. and PLEUS, J., concur.