COPE, J.
Terry Williams appeals an order denying his petition to expunge criminal history records. We conclude that the trial court correctly interpreted the statute.
I.
Defendant-appellant Williams pled guilty to one count of false imprisonment and one count of battery. The charging document was stamped “Domestic Violence.” Adjudication was withheld and the defendant was placed on probation for one year, which he satisfactorily completed in 2003.
The defendant applied to the Florida Department of Law Enforcement (FDLE) for a certificate of eligibility for expunction. See § 943.0585(2), Fla. Stat. (2003). Obtaining such a certificate is a condition precedent to obtaining expungement of criminal history records. See id.
The FDLE denied the certificate of ex-punction, stating that domestic violence cases are statutorily ineligible for ex-pungement. See id. § 943.0585(2)3.
The defendant then filed a petition in the circuit court to expunge his criminal history records, which the trial court denied. This appeal follows.
II.
We note in passing a procedural issue. Where a certificate of expunction has been denied, the correct procedure to challenge FDLE’s ruling is to file a petition for writ of mandamus in the circuit court, naming FDLE as the respondent. See State v. Harvill, 860 So.2d 999 (Fla. 5th DCA 2003); Rowell v. State, 700 So.2d 1242 (Fla. 2d DCA 1997). The FDLE included this information in its letter of denial and the FDLE has correctly stated the procedure.
Instead of filing a petition for mandamus the defendant filed a petition to expunge records, naming the State as the respondent. See Fla. R.Crim. P. 3.989(d). That was not the correct procedure. In this case, however, when FDLE learned of the defendant’s petition, FDLE made its appearance and waived any procedural objection.*
The FDLE proceeded to argue the merits in the trial court and the trial court *79 denied the petition for expungement on the merits.
III.
Subsection 943.0585(2), Florida Statutes, lists the requirements for the FDLE to follow in issuing a certificate of eligibility for expunction. Among other things, the defendant must present a statement from the appropriate prosecutor stating one of the following: (1) that an information or other charging document was never filed in the ease, see id. § 943.0585(2)(a)l., or (2) if filed, the charge was dismissed, see id. § 943.0585(2)(a)2., or (3) if filed and not dismissed, the charge was not on the list of offenses for which expungement is prohibited. See id. § 943.0585(2)(a)3.
The present case involves the third category. The question is whether the defendant’s crime is among those for which expungement is prohibited.
The relevant part of the statute allows expungement if it is determined:
3. That the criminal history record does not relate to ... a violation enumerated in s. 907.041 where the defendant was found guilty of, or pled guilty or nolo contendere to any such offense ... without regard to whether adjudication was withheld.
Id. § 943.0585(2)(a)3. (emphasis added).
Section 907.041, Florida Statutes, is the pretrial detention statute. It contains a listing of “dangerous crimes.” Id. § 907.041(4)(a). Among these is an “[a]ct of domestic violence as defined in s. 741.28 ....”§ 907.041(4)(a)18., Fla. Stat. (2003).
Turning to Section 741.28, Florida Statutes, “Domestic violence means ... battery, ... false imprisonment, ... of one family or household member by another family or household member.” § 741.28(2), Fla. Stat. (2003).
Based on the foregoing statutes, the trial court correctly ruled that the defendant is not eligible for expungement of criminal history records. The terms of the statute preclude expungement, based on the nature of the offenses.
The defendant argues that this ruling was contrary to this court’s opinions in Godoy v. State, 845 So.2d 1016 (Fla. 3d DCA 2003), and Anderson v. State, 692 So.2d 250 (Fla. 3d DCA 1997). The defendant is incorrect. In Godoy and Anderson, the defendants were statutorily eligible for expungement. The question in both cases was whether the trial court could deny expungement solely on the basis of the nature of the offenses the defendants had committed, or whether the trial court had to consider all of the surrounding circumstances in addition to the nature of the offense. In both cases we ruled that all circumstances had to be considered, and remanded for the trial court to do so.
In this case, by contrast, the Legislature has made the dispositive decision. It is the Legislature’s prerogative to prohibit expungement for specific crimes if it wishes to do so. The Legislature has enumerated its list of prohibited crimes in subparagraph 943.0585(2)(a)3., Florida Statutes, and the defendant’s crimes are among those for which expungement is prohibited.
Affirmed.

 Whether it is possible to combine a petition for writ of mandamus against the FDLE and a petition for expungement against the State in a single proceeding is not a point now before us.