PER CURIAM.
Petitioner, Siegers Seed Company, seeks a writ of certiorari to overturn a letter of the Agriculture Commissioner which petitioner characterizes as final agency action. The letter indicates the Commissioner’s concurrence with the report and recommendation of the State of Florida Department of Agriculture, Florida Seed Investigation and Conciliation Council (“Council”). See §§ 578.26 & 578.27, Fla. Stat. Seigers asserts that the Council’s recommendation departs from the essential requirements of law because it exceeds the Council’s statutory authority by recommending “monetary damages” rather than limiting its recommendation to “cost damages” as provided by sections 578.27(2) and (4), Florida Statutes. Because the letter does not serve as a basis for our certiorari jurisdiction, we dismiss the petition.
The parties do not dispute that neither the Commissioner’s letter nor the Council’s recommendation was filed with the agency clerk. An agency does not render a final order until it is filed with the agency clerk. See Hill v. Div. of Ret., 687 So.2d 1376 (Fla. 1st DCA 1997); Gallo v. Florida Comm’n on Human Relations, 867 So.2d 1273 (Fla. 1st DCA 2004); See also Fla. R.App. P. 9.020(h) (“An order is rendered when a signed, written order is filed with the clerk of the lower tribunal.”). An order must be rendered in order to invoke appellate jurisdiction, United Water Fla., Inc. v. Florida Pub. Serv. Comm’n, 728 So.2d 1250 (Fla. 1st DCA 1999), and to invoke this court’s original jurisdiction. See Fla. R.App. P. 9.100(c) (providing that a petition for certiorari must be filed within 30 days of rendition of the order to be reviewed).
Accordingly, the petition for writ of cer-tiorari is DISMISSED.
HAWKES, C.J., ALLEN, and CLARK, JJ., concur.