BENTON, C.J.
When Daniel Shanks petitioned to have his criminal history record sealed, attach *1227 ing the requisite affidavit and certificate of eligibility from the Florida Department of Law Enforcement, see § 94B.059, Fla. Stat. (2011); Fla. R.Crim. P. 3.692, the trial court entered an order denying the petition to seal, stating (apart from formal parts) only: “Having thoroughly reviewed the case and in consideration to the Amended Petition to Seal Criminal History Record, Response, and being fully advised in the premises, this Court denies the Petition to Expunge/Seal, pursuant to F.S. § 943.059.” We reverse and remand.
Earlier Mr. Shanks had entered a plea of nolo contendere to a charge of possession of cocaine, in violation of section 893.13(6)(a), Florida Statutes (2009). The trial court withheld adjudication of guilt and sentenced him to twelve months’ drug offender probation with the special condition that he complete a six-month recovery program. Upon request of his probation officer, Mr. Shanks’ probation was terminated early. He then filed his petition to expunge or seal, which meets all rule and statutory criteria.
“[Ojnce an applicant satisfies the criteria set forth in Rules 3.692 and 3.989(d), the applicant is presumptively entitled to an order to seal or expunge court records. However, the petition is addressed to the sound discretion of the trial court, and the petition may be denied if there is good reason for denial based on the facts and circumstances of the individual case.” Anderson v. State, 692 So.2d 250, 252 (Fla. 3d DCA 1997) (citation omitted). Here denial in the exercise of sound discretion would have required some good reason based on facts and circumstances of Mr. Shanks’ individual case.
But “[without [any] evidence at [a] hearing or stating any reason for denying [Mr. Shanks’] request in its order, it appears the trial court had no factual basis to support the denial of [Mr. Shanks’] request to seal his records.” Cole v. State, 941 So.2d 549, 551 (Fla. 1st DCA 2006). Accordingly, we reverse and remand for further proceedings. See Light v. State, 80 So.3d 414 (Fla. 1st DCA 2012); Hobbs v. State, 80 So.3d 415 (Fla. 1st DCA 2012); Baker v. State, 53 So.3d 1147, 1148-49 (Fla. 1st DCA 2011); VFD v. State, 19 So.3d 1172, 1175 (Fla. 1st DCA 2009).
Reversed and remanded.
WETHERELL and RAY, JJ., concur.