STEVENSON, J.
We reverse the trial court’s denial of defendant’s petition to seal his criminal record and remand for further proceedings. Here, the trial court summarily denied the petition despite the fact that defendant complied with all of the requirements of section 943.059(1), Florida Statutes (2013) and Florida Rule of Criminal Procedure 3.692, and the State filed a written response of no objection. While the trial court has broad discretion under section 943.059 to deny a petition to seal criminal records, this discretion is not unlimited.[1] Here, the trial court’s summary denial of the petition frustrates meaningful appellate review. On remand, the trial court must either conduct an evidentiary hearing on defendant’s petition or provide a written reason as to why it is denying the petition. See Shanks v. State, 82 So.3d 1226, 1227 (Fla. 1st DCA 2012).

Reversed and remanded for further proceedings.

CONNER and FORST, JJ., concur.

. For example, a trial judge cannot deny a petition based solely on his or her distaste for the particular charged crime. See Godoy v. State, 845 So.2d 1016, 1017 (Fla. 3d DCA 2003).