NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PETIA B. TENEV,                           )
                                          )
            Appellant,                    )
                                          )
v.                                        )      Case No. 2D14-1570
                                          )
DEPARTMENT OF LAW                         )
ENFORCEMENT,                              )
                                          )
            Appellee.                     )
_____)

Opinion filed December 3, 2014.

Appeal from the Circuit Court for Pinellas
County; Pamela A.M. Campbell, Judge.

Petia B. Tenev, pro se.

Grace A. Jaye, Assistant General Counsel,
Florida Department of Law Enforcement,
Tallahassee, for Appellee.


CRENSHAW, Judge.

          Petia Tenev appeals the dismissal of her petition for mandamus. Because

the court erred in concluding that mandamus was improper based on Tenev's failure to

seek internal review from the Florida Department of Law Enforcement, we reverse.

Tenev filed an application for certification of eligibility for expunction with the Florida Department of Law Enforcement. Concluding that she was ineligible for expunction based on extant adjudications of guilt, the Department denied her the certificate. The Department's denial letter, based upon our holding in Rowell v. State, 700 So. 2d 1242, 1243-44 (Fla. 2d DCA 1997), informed Tenev that challenges to her criminal history record based on incompleteness or factual error needed to be appealed internally but that if she was challenging the Department's legal conclusion, she should seek review in the circuit court by motion or by writ.

Thereafter, Tenev timely filed a petition for writ of mandamus in the circuit court asserting the Department's legal error. In her petition, Tenev stated that over a decade ago, she was arrested for felony driving while license suspended or revoked (DWLSR). She attached the circuit court order that dismissed that charge because the State could only establish two prior moving violations (noncriminal infractions) and not criminal convictions. Because that charge was dismissed, Tenev argued in her mandamus petition that the Department legally erred in treating her DWLSR as a felony, precluding issuance of the certificate of eligibility for her expunction. The circuit court concluded it could not entertain the petition, stating that Tenev needed to appeal the Department's conclusion internally. Tenev appealed that dismissal. The Department concedes that because Tenev seeks to challenge a legal conclusion, the petition for writ of mandamus was indeed the proper vehicle for Tenev to seek review and that dismissal of the petition was error.

The court erred in dismissing the petition for writ of mandamus. On remand, the court shall consider Tenev's claims on the merits.

Reversed and remanded with directions.

NORTHCUTT and LaROSE, JJ., Concur.