DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDWARD GOTOWALA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-2663

[January 20, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Matthew I. Destry, Judge; L.T. Case No. 09-18317 CF10A.

Gary Kollin of Gary Kollin, P.A., Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

In *Gotowala v. State*, 162 So. 3d 33 (Fla. 4th DCA 2014), we reversed because the lower court summarily denied Gotowala's petition to seal his criminal records. We instructed the trial court to conduct an evidentiary hearing or provide written reasons as to why it was denying the petition.

On remand, the lower court again denied Gotowala's petition. It did not conduct an evidentiary hearing. Instead, it relied on the facts to which Gotowala pled, which were set forth in a law enforcement officer's probable cause affidavit. The lower court's reason for denying the petition was that the facts of Gotowala's case were such that sealing his criminal record would "pose[] a danger to the citizens of Broward County and the general public."

Because the trial court's order does not give specific reasons for denying Gotowala's petition but is merely based on generalized considerations, we reverse.

When a petitioner satisfies the statutory requirements of Florida Rule

of Criminal Procedure 3.692 and section 943.059, Florida Statutes (2013), the petitioner is "presumptively entitled to an order to seal or expunge court records." *Anderson v. State*, 692 So. 2d 250, 252 (Fla. 3d DCA 1997). Nonetheless, the decision of whether to grant the petition is entrusted to the trial court's "sole discretion." § 943.059, Fla. Stat. This discretion is not unfettered however. The trial court may not deny relief "based upon generalized considerations," but must provide a good reason based on "the facts and circumstances of the individual case." *Borg v. State*, 169 So. 3d 261, 262 (Fla. 4th DCA 2015); *see, e.g.*, *Gonzalez v. State*, 565 So. 2d 410, 411-12 (Fla. 3d DCA 1990) (stating it was not an abuse of discretion for the trial court to find that, because the petitioner was a public employee, the public had a right to know of the petitioner's criminal history).

In the instant case, the lower court's mere reliance on the facts as laid out in a probable cause affidavit does not show "the court ma[d]e its decision based on consideration of all the facts and circumstances" of Gotowala's case. *Godoy v. State*, 845 So. 2d 1016, 1017 (Fla. 3d DCA 2003) (citation omitted). Moreover, the court's order does not indicate the specific facts that led it to conclude that sealing Gotowala's records would pose a danger to public safety.

We remand with instruction that the trial court must provide specific reasons for denying Gotowala's petition. The trial court may do so in a written order or after conducting an evidentiary hearing. But, in any event, the record must be clear that the decision was based on facts and circumstances of Gotowala's individual case and not merely "generalized considerations."

*Reversed and remanded for further proceedings.*

CONNER and FORST, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

2