DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NELSA MCGANN GREY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-2473

[June 15, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Matthew I. Destry, Judge; L.T. Case No. 11-17636CF10A.

Gary Kollin of Gary Kollin, P.A., Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

**ON APPELLANT'S MOTION FOR CLARIFICATION**

DAMOORGIAN, J.

We grant Appellant, Nelsa McGann Grey's, motion for clarification of our April 27, 2016 opinion and modify the last paragraph as shown below.

Appellant appeals the trial court's order denying her petition to seal her criminal record. The State concedes error pursuant to our recent decision in *Gotowala v. State,* 184 So. 3d 569 (Fla. 4th DCA 2016). Accordingly, we reverse.

After initially being charged with one offense, Appellant negotiated a plea with the State and pleaded no contest to a lesser offense. The court accepted Appellant's plea, withheld adjudication, and sentenced her to one year of probation. After serving her sentence, Appellant petitioned to seal her criminal record. In support of her petition, Appellant submitted an affidavit as well as a certificate of eligibility for the Florida Department of Law Enforcement. Without conducting a hearing, the court entered an order denying Appellant's petition on the grounds that "the conduct

detailed in the Probable Cause Affidavit evidences a sophisticated criminal course of conduct that if hidden from the view of ordinary citizens would deprive them of information essential to appropriately guard against a threat to their security."

Thereafter, Appellant filed a "Renewed Petition to Seal Case-File" in which she alleged that she was innocent of the underlying offense and submitted evidence supporting her position. At the hearing on Appellant's renewed petition, the State informed the court it was not objecting to Appellant's request. Appellant made a brief statement on her own behalf, explaining that she pleaded no contest to a reduced charge in order to resolve the matter in an expedient fashion and that her record was preventing her from obtaining employment. The court refused to consider Appellant's position and denied her petition based on the nature of the initial charge and the corresponding probable cause affidavit. This appeal follows.

The sealing of a criminal history is governed by section 943.059 of the Florida Statutes, and Florida Rule of Criminal Procedure 3.692(a)(1). If a petitioner satisfies the requirements of section 943.059 and Rule 3.692(a)(1), the petitioner is "presumptively entitled to an order to seal or expunge court records." *Anderson v. State*, 692 So. 2d 250, 252 (Fla. 3d DCA 1997). While the decision to seal a record is in the trial judge's "sole discretion," the exercise of discretion requires "good reason based on [the] facts and circumstances of [the petitioner's] individual case." *Shanks v. State*, 82 So. 3d 1226, 1227 (Fla. 1st DCA 2012). Here, there is no dispute that Appellant met the prerequisites for obtaining an order sealing her record. Thus, the question is whether the court had "good reason based on the facts and circumstances" of Appellant's case to deny her petition.

In *Gotowala v. State*, 184 So. 3d 568 (Fla. 4th DCA 2016), the presiding judge denied a petitioner's request to seal his criminal record although the petitioner satisfied the statutory requirements of section 943.059 and Rule 3.692. *Id.* at 569. In doing so, the court relied on the facts laid out in the arresting officer's probable cause affidavit and based on those facts, ruled that sealing the petitioner's record would "'pose[] a danger to the citizens of Broward County and the general public.'" *Id.* We reversed, holding that:

> [T]he lower court's mere reliance on the facts as laid out in a probable cause affidavit does not show "the court ma[d]e its decision based on consideration of all the facts and circumstances" of [petitioner's] case. Moreover, the court's order does not indicate the specific facts that led it to conclude

2

that sealing [petitioner's] records would pose a danger to public safety.

*Id.* at 570 (citation omitted).

*Gotowala* establishes that a court may not deny a petition to seal a criminal record based solely upon its consideration of the facts as outlined in the probable cause affidavit. Rather, the court must consider the facts actually established in the petitioner's case.

In this case, the court relied solely upon the probable cause affidavit as the basis to deny Appellant's motion. Accordingly, we reverse and remand with instructions to the trial court to conduct a proper evidentiary hearing. If, after conducting a hearing, the trial court concludes that Appellant's criminal record should not be sealed, it shall enter a sufficient order. Otherwise the petition shall be granted.

*Reverse and remanded for further proceedings consistent with this opinion.*

GROSS and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**