CONNER, J.
J.A.H. appeals' the trial court’s order denying his petition to seal his criminal record related to two counts ’he was charged with, one of which he pled to and the other for which the State entered a nolle prosequi. J.A.H. argues that the trial court abused its discretion in (1) not conducting a hearing, and (2) not stating reasons for denying the petition other than that the State objected .to the petition. Alternatively, J.A.H. argues that in denying the petition because thé State objected to the petition, the trial court accepted an argument advanced by ■ the State of an incorrect application of a statute. We agree with the first and second arguments, and reverse and remand for the trial court to conduct an evidentiary -hearing and to enter an order stating good reason based on “the facts and circumstances of the individual case,” see Borg v. State, 169 So.3d 261 (Fla. 4th DCA 2015), if the trial court decides again to deny the petition. Because it is unclear whether the trial court' agreed with the State’s erroneous view of an applicable statute, we decline to address J.A.H.’s alternative argument.
In 2009, J.A.H. was arrested and charged by information with one count of trafficking in oxycodone, contrary in part to section 893.135, Florida Statutes (2009), and one count of withholding information from a practitioner (doctor shopping). J.A.H. eventually entered a plea to the doctor shopping count, while the State entered a nolle prosequi as to the trafficking count. The trial court withheld adjudication and sentenced J.A.H. to twenty-four months of drug offender probation. In 2012, the trial court granted J.A.H.’s request to terminate his probation early.
. In August 2015, the Florida Department of Law Enforcement issued J.A.H. a certificate of eligibility to petition for an order to seal the records pertaining to the two charges. In September 2015, J.A.H. filed the petition..
The trial court entered an order requiring the State to respond to- the petition. The State filed a response, objecting to sealing the records and arguing that J.A.H. was charged under section 893.135, and therefore was prohibited from having his record sealed pursuant to sections 943.0585 and 943.059, Florida Statutes, and also that J.A.H. had not filed a valid certificate of eligibility. J.A.H. filed a reply to the State’s response, stating that the of-fénse under section 893.135 was nolle prossed by the State, and therefore did not fit the exception under the statute, and that the clerk did not scan the certificate of eligibility into the file; however, J.A.H. attached a copy to the reply.
The trial court, without holding a hearing, denied the petition, stating only:
THE CAUSE came before this Court upon the Defendant filing a Motion to Seal and the Certificate of Eligibility, and the State having an objection, and this Court having considered same, it is accordingly,
ORDERED AND ADJUDGED that the Defendants Motion to Seal is hereby DENIED.
J.A.H. filed a motion for rehearing, arguing that the allegations in the State’s response were not valid, and requesting an opportunity to present evidence. The trial court entered an order denying the motion *886 for rehearing. J.A.H. gave notice of appeal.
We review the trial court’s order for an abuse of discretion. See Gotowala v. State, 184 So.3d 568, 570 (Fla. 4th DCA 2016). As the State concedes, the' trial court erred in failing to hold a hearing and failing to enumerate reasons for denying the petition. Two of our recent decisions support reversal.
In Gotowala, we noted that we had previously reversed the trial court’s order summarily denying the petitioner’s petition, with instructions “to conduct an evidentiary hearing or provide written reasons as to why it was denying the petition.’’ Id, at 569. On remand, the trial court did not hold an evidentiary hearing, and, instead, denied the petition again, based on the facts within the probable cause affidavit supporting the charge for which the petitioner eventually pled. Id. We again reversed, since the trial court relied upon only the facts in the probable cause, affidavit as the basis for denial, which did “not show ‘the court ma[d]e its decision based on consideration of all the facts and circumstances’ of [the petitioner's case.” Id. at 570 (alteration in original) (quoting Godoy v. State, 845 So.2d 1016, 1017 (Fla. 3d DCA 2003)). We explained:
When'a petitioner "satisfies the statutory requirements of Florida Rule of Criminal Procedure 3.692 and section 943.059, Florida Statutes (2013), the petitioner is “presumptively entitled to an order to seal or expunge court records.” Anderson v. State, 692 So.2d 250, 252 (Fla. 3d DCA 1997). Nonetheless, the decision of whether to grant the petition is entrusted to the trial court’s “sole discretion.” § 943.059, Fla. Stat. This discretion is not unfettered however. The trial court may not deny relief “based upon generalized considerations,” but must provide a good reason based on “the facts and circumstances of the individual case.” Borg v. State, 169 So.3d 261, 262 (Fla. 4th DCA 2015).
Id. at 569-70. We then remanded the case to the trial court, with the “instruction that the trial court must provide specific reasons for denying [the petitioner’s, petition. The trial court may do so in a written order after conducting an evidentiary hearing.” Id. at 570.
Additionally,, in Grey v. State, — So.3d -, 2016 WL 3268760 (Fla. 4th DCA Apr. 27, 2016), where the State also conceded error based on Gotowala, we reversed a trial court order denying a petitioner’s request to seal her criminal record. Id. at-, at *1. The trial court there also relied upon the facts enumerated in the probable cause affidavit as the basis for denying the petition, even though a hearing was held, the State did not object to the petition, and the petitioner submitted evidence supporting the petition.. Id. • We reversed the trial court’s order,
and remandfed] with instructions to the trial court to conduct a proper evidentia-ry hearing. If, after conducting a hearing, the trial court concludes that Appellant’s criminal record should not be sealed, it shall enter a sufficient order. Otherwise the petition shall be granted.
Id. at-, at *2.
Therefore, it is clear that before denying a petition to seal or expunge criminal records,- the trial court must conduct an evi-dentiary hearing and state specific reasons for denying the petition based on the facts and circumstances of the individual case. The State concedes that did not happen in this case.
J,A,H.’s alternative, argument on appeal is that the trial court erred in considering the State’s argument, in its re- *887 spouse to the petition, that section 943.059, Florida Statutes (2016), bars J.A.H. from having his record sealed. Section 943.059, Florida Statutes (2016), states:
A criminal history record that relates to a violation of ... s. 893.135 ... may not be sealed, without regard to whether adjudication was withheld, if the defendant was found guilty of or pled guilty or nolo contendere to the offense, or if the defendant, as a minor, was found to have committed or pled guilty or nolo contendere to committing the offense as a delinquent act.
§ 943.059, Fla, Stat. (2016) (emphasis added). Although J.A.H. was initially charged with trafficking in oxycodone, under section 893.135, that count- was nolle prossed by the State, and therefore does not fit the statutory bar since J.A.H. was not “found guilty of or pled guilty or nolo contendere to the offense.” Id. We agree with J.A.H. that the State’s argument was an inaccurate application of the statute. However, because the trial court seemingly denied the petition because the State objected, we are unable to determine that the trial court erred in considering the State’s erroneous argument, because there were two grounds for objecting asserted by the State. Thus, we decline to reverse the trial court on the alternative argument.
Having determined that the trial court abused its discretion in failing to conduct a hearing, and in failing to -state reasons for its denial of the petition, we reverse the trial court’s order, and remand with the same instruction as given in Grey:
[W]e reverse and remand with instructions to the trial court to conduct a proper evidentiary hearing. If, after conducting a hearing, the trial court concludes that Appellant’s criminal record should not be sealed, it shall enter a sufficient order. Otherwise the petition shall be granted.
Grey, 2016 WL 3268760 at *2.

Reversed and remanded.

KLINGENSMITH, J. and SHEPHERD, FRANK A., Associate Judge, concur.