Ciklin, C.J.
Edward Gotowala appeals the order denying his motion to seal his criminal records. Because the trial court failed to hold an evidentiary hearing, we reverse.
The trial court has denied Goto-wala’s motion three times, each time without holding an evidentiary hearing, and twice in reliance on allegations stated in the probable cause affidavit that led to Gotowala’s arrest. A court may not deny a petition to seal a criminal record based solely upon its consideration of the facts as outlined in the probable cause affidavit. Rather, the court must consider the facts actually established in the petitioner’s case. Grey v. State, 199 So.3d 988, 990 (Fla. 4th DCA 2016) (citing Gotowala v. State, 184 So.3d 568, 570 (Fla. 4th DCA 2016)). Where a petitioner seeks to have his criminal record sealed and meets all the requirements of section 943.059, Florida Statutes, the trial court may in its discretion deny relief but only after holding an evidentiary hearing and providing a sound reason based on the facts and circumstances of the petitioner’s case. See J.A.H. v. State, 198 So.3d 884, 886 (Fla. 4th DCA 2016) (“[I]t is clear that before denying a petition to seal or expunge criminal records, the trial court must conduct an evidentiary hearing and state specific reasons for denying the petition based on the facts and circumstances of the individual case.”).
In this matter, no one disputes that the petitioner met the requirements of the statute and that he complied with the pertinent statutory procedure. Thus, he was “presumptively entitled to an order to seal or expunge court records.” Gotowala, 184 So.3d at 569 (citation omitted). In other words, for purposes of our analysis and holding, Gotowala was eligible to have his records sealed and therefore the only issue that was before the trial court — and all trial courts similarly situated — concerns whether a factual basis exists for the trial *1214 court to deny the petition. Indeed, because a petitioner who satisfies the statutory prerequisites for sealing of records is presumptively entitled to an order to expunge or seal, a petitioner is likewise entitled to a meaningful review of a denial. And, of course, it is axiomatic that an appellate court is thwarted from performing an objective and meaningful assessment of the underlying order of denial if it is not based on record evidence, proper grounds, and sufficient reasoning. Judicial orders denying petitions for sealing or expungement must evince the trial court’s specific reasoning and must not be based on general--ized considerations such as unproven allegations in a probable cause affidavit. Those considerations have no place in the required analysis.
Gotowala requests that we remand to the trial court and instruct it to grant the requested relief, as the trial court has now-had multiple opportunities to hold an evi-dentiary hearing. We decline to do so, as our remand instructions in our previous two opinions in this case may have-misled the trial court as to the necessity of an evidentiary hearing. On remand, the trial court retains discretion to deny the petition if it can base such a decision on sound reasoning that is based on specific, facts and circumstances of Gotowala’s case, gleaned from an evidentiary hearing.

Reversed and remanded for an eviden-tiary hearing.

Gross and Conner, JJ., concur.