IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

NIXON LAZARD,

          Appellant,

 v.                                                       Case No.  5D16-3976

STATE OF FLORIDA,

          Appellee.

_____/

Opinion filed October 20, 2017

Appeal from the Circuit Court
for Orange County,
Heather L. Higbee, Judge.

Troy Nader, Flushing, New York,
for Appellant.

Joseph S. White, Assistant General
Counsel, Florida Department of Law
Enforcement, Tallahassee, for Appellee.


ORFINGER, J.

      Nixon Lazard appeals the trial court's order denying his motion to compel the

Florida Department of Law Enforcement (FDLE) to issue a certificate of eligibility to seal

his criminal history record under section 943.059(2), Florida Statutes (2016).  Because

the FDLE erroneously denied Lazard's application for the certificate, we reverse.

In 2003, after Lazard was arrested for aggravated child abuse for allegedly hitting a child he was caring for with an extension cord, the State filed an information charging him with aggravated child abuse. Lazard later pled guilty to contributing to the dependency of a child, a misdemeanor, in violation of section 827.04, Florida Statutes (2003).[1] The trial court withheld adjudication and placed Lazard on one year of probation, which he completed.

In 2016, Lazard applied to the FDLE for a certificate of eligibility to seal his criminal history record pertaining to the 2003 charge and plea, pursuant to section 943.059, Florida Statutes (2016). The FDLE sent Lazard a letter stating that it would not issue a certificate because his criminal history related to "a violation enumerated in s.907.041" (specifically, an act of domestic violence), an offense which rendered his criminal history ineligible for sealing under section 943.059. Lazard then filed a motion to compel the FDLE to issue the certificate.[2] After conducting a hearing on the motion, at which the only evidence discussed was the charging affidavit, the trial court issued an order denying the motion to compel. It found that Lazard pled guilty to a charge that "relates to" an act of domestic violence, and that "[t]he Court file fully supports a finding that the record [Lazard]

---

[1] The State did not file an amended information setting forth facts about the offense of contributing to the dependency of a child.

[2] The correct procedure to challenge the denial of a certificate of eligibility is a petition for writ of mandamus naming the FDLE as the respondent. See Williams v. State, 879 So. 2d 77, 78 (Fla. 3d DCA 2004); see State v. Harvill, 860 So. 2d 999, 1000 (Fla. 5th DCA 2003) (holding that party may challenge revocation of certificate by filing either mandamus petition or other appropriate action in trial court). However, as the FDLE concedes, it waived any procedural objection to Lazard's motion to compel by appearing and defending its position. Williams, 879 So. 2d at 78.

seeks to seal relates to a criminal offense that resulted in physical injury to one family or household member by another family or household member."

Section 943.059, Florida Statutes, establishes the requirements that a petitioner must satisfy to have his or her criminal history record sealed. Anderson v. State, 692 So. 2d 250, 251 (Fla. 3d DCA 1997). Under the statute, a person seeking to seal a criminal history record must first request and receive a certificate of eligibility for sealing from the FDLE, and then file a petition to seal the record with the court. § 943.059, Fla. Stat. (2016). In this appeal, we must determine if the FDLE exceeded its authority under section 943.059(2) in denying Lazard's application based on its determination that his record related to an act of domestic violence.

We review questions of statutory interpretation de novo. Patrick v. Hess, 212 So. 3d 1039, 1041 (Fla. 2017). Our goal "is to determine legislative intent." Crews v. State, 183 So. 3d 329, 332 (Fla. 2015). To do so, we begin with the plain language of the statute, Diamond Aircraft Indus., Inc. v. Horowitch, 107 So. 3d 362, 367 (Fla. 2013), and consider the statute as a whole, rather than piece-by-piece, State v. Mason, 979 So. 2d 301, 303 (Fla. 5th DCA 2008). We also "construe related statutory provisions in harmony with one another." Larimore v. State, 2 So. 3d 101, 106 (Fla. 2008).

Under section 943.059(2), the FDLE "shall issue" a certificate of eligibility, provided that the applicant:

> (a) Has submitted to the department a certified copy of the disposition of the charge to which the petition to seal pertains.
>
> (b) Remits a $75 processing fee to the department for placement in the Department of Law Enforcement Operating Trust Fund, unless such fee is waived by the executive director.

3

(c) Has never, prior to the date on which the application for a certificate of eligibility is filed, been adjudicated guilty of a criminal offense or comparable ordinance violation, or been adjudicated delinquent for committing any felony or a misdemeanor specified in s. 943.051(3)(b).

(d) Has not been adjudicated guilty of or adjudicated delinquent for committing any of the acts stemming from the arrest or alleged criminal activity to which the petition to seal pertains.

(e) Has never secured a prior sealing or expunction of a criminal history record under this section, s. 943.0585, former s. 893.14, former s. 901.33, or former s. 943.058.

(f) Is no longer under court supervision applicable to the disposition of the arrest or alleged criminal activity to which the petition to seal pertains.

Once the applicant receives the certificate of eligibility, he or she then petitions the court to seal the record. § 943.059, Fla. Stat. (2016). However, criminal records that "relate to" certain enumerated offenses, such as violations listed in section 907.041, Florida Statutes, which includes an act of domestic violence, cannot be sealed by the court. Id.

Here, the FDLE should have issued the certificate because Lazard satisfied the conditions of section 943.059(2). Then, upon a petition to seal, it would be for the trial court to hold an evidentiary hearing to determine whether Lazard's offense "related to" an act of domestic violence precluding his record from being sealed. See J.A.H. v. State, 198 So. 3d 884, 886 (Fla. 4th DCA 2016) (holding that before denying petition, trial court must "conduct an evidentiary hearing and state specific reasons for denying the petition"). At this hearing, the court must consider all of "the facts and circumstances of the individual case," not just the allegations in the information and charging affidavit. Gotowala v. State, 184 So. 3d 568, 570 (Fla. 4th DCA 2016).

4

For these reasons, we reverse the trial court's order denying Lazard's motion to compel and remand for entry of an order granting the motion to compel because Lazard is statutorily eligible for a certificate of eligibility under section 943.059(2).

REVERSED and REMANDED.

COHEN, C.J. and EDWARDS, J., concur.