# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-0252
_____

LEONARDO LYNCH,

Appellant,

v.

FLORIDA DEPARTMENT OF LAW
ENFORCEMENT,

Appellee.

_____

On appeal from an order of the Florida Department of Law
Enforcement.

July 9, 2019

PER CURIAM.

Leonardo Lynch seeks review of the Florida Department of
Law Enforcement's decision denying his eligibility to purchase a
firearm in Florida. FDLE moved to dismiss the appeal, arguing
mainly that its decision—conveyed in a letter without any notice
of rights—was not a final agency action or quasi-judicial order
subject to review in this court because FDLE was merely
complying with a legislative mandate to perform a ministerial act.
*See Rowell v. State, Fla. Dep't of Law Enf't*, 700 So. 2d 1242, 1243-
44 (Fla. 2d DCA 1997). Alternatively, FDLE contended that the
letter did not constitute final agency action because it did not bring
the adjudicative process to a close, did not indicate that judicial
review was available, and was not filed with the agency clerk.

Under the Administrative Procedure Act, a party who is adversely affected by final agency action is entitled to judicial review in a district court. *See* § 120.68(1)(a) & (2)(a), Fla. Stat.; *see also* Fla. R. App. P. 9.030(b)(1)(C). Jurisdiction is invoked by "filing a notice of appeal or petition for review in accordance with the Florida Rules of Appellate Procedure within 30 days after the rendition of the order being appealed." § 120.68(2)(a), Fla. Stat.; Fla. R. App. P. 9.110(c). An administrative order is rendered when a signed, written order is filed with the clerk of the agency. *See* Fla. R. App. P. 9.020(h); *Hill v. Div. of Ret.*, 687 So. 2d 1376, 1377 (Fla. 1st DCA 1997) ("An agency has not rendered a final order until it is 'filed with the agency clerk.'") (citing § 120.52(7), Fla. Stat.).

Here, there is no dispute that FDLE's letter to Mr. Lynch was not filed with the agency clerk. Thus, assuming the letter would otherwise be appealable,[*] the appeal is premature because the order has not been rendered. *See Siegers Seed Co. v. Williams Farm P'ship*, 17 So. 3d 848, 849 (Fla. 1st DCA 2009) ("An order must be rendered in order to invoke appellate jurisdiction…"); *Curls v. Fla. Fish & Wildlife Conservation Comm'n*, 935 So. 2d 639, 639 (Fla. 1st DCA 2006) (dismissing without prejudice to right to file timely appeal once the administrative order has been rendered). To the extent FDLE fails to render an appealable order, Mr. Lynch's recourse is through the filing of a petition for mandamus. *See Sowell v. State*, 136 So. 3d 1285, 1288 (Fla. 1st

---

[*] Based on our disposition, we need not determine whether the letter at issue constitutes final agency action or whether it is merely preliminary agency action that will not mature into final agency action until after a proceeding under section 120.57, Florida Statutes. *See Capeletti Bros., Inc. v. State, Dep't of Transp.*, 362 So. 2d 346, 348-49 (Fla. 1st DCA 1978) (distinguishing between free-form agency proceedings and section 120.57 proceedings that culminate in final agency action); *see also Fla. League of Cities, Inc. v. Admin. Comm'n*, 586 So. 2d 397, 413 (Fla. 1st DCA 1991) ("Until proceedings are had satisfying section 120.57, or an opportunity for them is clearly offered and waived, there can be no agency action affecting the substantial interests of a person.").

DCA 2014) (noting previous dismissal and granting petition for writ of mandamus directing agency to properly render its final order); *Students for Online Voting v. Machen*, 24 So. 3d 1273, 1273–74 (Fla. 1st DCA 2009) (same).

DISMISSED.

RAY, C.J., and ROBERTS and WETHERELL, JJ., concur.

————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

————————————————

Eric J. Friday of Kingry & Friday, Jacksonville, for Appellant.

Ashley Moody, Attorney General, and Bilal Ahmed Faruqui, Senior Assistant Attorney General, Tallahassee, for Appellee.