# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ANGELO CAPORIZZO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-2710

[September 3, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard K. Coates, Jr., Judge; L.T. Case No. 50-2024-CF-000545-AXXX-MB.

Daniel Eisinger, Public Defender, and Benjamin N. Paley, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Briana P. Reed, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Appellant Angelo Caporizzo, the defendant, appeals the denial of his expungement petition raising two arguments. Agreeing with one of the defendant's arguments, we reverse and remand for further proceedings.

After the defendant's arrest, the state issued a "no file" notice. The defendant then petitioned to have his arrest record expunged. At the expungement hearing, the state did not object to the petition, but described the factual basis for the defendant's arrest. Expressing concerns about granting the petition after hearing the "egregious facts" described by the state, the trial court inquired why the state chose not to file charges. The state explained the victim did not want to testify or press charges. Additionally, the state took into consideration that the defendant had no criminal history. The trial court denied the petition because "the facts are egregious."

Below and on appeal, the state does not contest that the defendant's expungement petition met the requirements of section 943.059, Florida

Statutes (2024), and that the defendant was "presumptively entitled to an order to seal or expunge court records." *Grey v. State*, 199 So. 3d 988, 989 (Fla. 4th DCA 2016) (quoting *Anderson v. State*, 692 So. 2d 250, 252 (Fla. 3d DCA 1997)). Both sides concede the trial court had the sole discretion to grant or deny an expungement petition based on "the facts and circumstances of the individual case." *Gotowala v. State*, 184 So. 3d 568, 570 (Fla. 4th DCA 2016) (*Gotowala I*) (quoting *Borg v. State*, 169 So. 3d 261, 262 (Fla. 4th DCA 2015)). However, "[the trial court's] discretion is not unfettered[.] The trial court may not deny relief 'based upon generalized considerations,' but must provide a good reason based on 'the facts and circumstances of the individual case.'" *Id.*

Additionally, "it is clear that before denying a petition to seal or expunge criminal records, the trial court <u>must conduct an evidentiary hearing</u> and state specific reasons for denying the petition based on the facts and circumstances of the individual case." *J.A.H. v. State*, 198 So. 3d 884, 886 (Fla. 4th DCA 2016) (emphasis added); *Gotowala v. State*, 220 So. 3d 1212, 1213 (Fla. 4th DCA 2017) (*Gotowala II*) ("[T]he trial court may in its discretion deny relief but only after holding an evidentiary hearing *and* providing a sound reason based on the facts and circumstances of the petitioner's case."). On three occasions, we have reversed trial courts for denying expungement based on the facts stated in a probable cause affidavit, rather than evidence presented at an expungement hearing. *J.A.H.*, 198 So. 3d at 887; *Grey*, 199 So. 3d at 990; *Gotowala I*, 184 So. 3d at 570.

In this case, the trial court did not conduct an evidentiary hearing, and the state presented no evidence of the individual circumstances leading to the arrest. Instead, the trial court denied the petition based solely on facts announced by counsel at the hearing. *Cf. Harman v. State*, 12 So. 3d 898, 899 (Fla. 2d DCA 2009) (determining the trial court erred in relying on the prosecutor's statements in denying the expungement petition where no testimony or documentary evidence supported the prosecutor's statements). We therefore reverse the order denying the defendant's expungement petition and remand for the trial court to conduct an evidentiary hearing. If, after conducting an evidentiary hearing, the trial court concludes the defendant's arrest record should not be expunged, the trial court shall enter a sufficient order. Otherwise, the petition shall be granted.

*Reversed and remanded with instructions.*

GERBER and KLINGENSMITH, JJ., concur.

2

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*