DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEAN-FRANTZ BAZILE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-1113

[February 11, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard K. Coates, Jr., Judge; L.T. Case No. 50-1999-CF-010342-AXXX-MB.

Jean-Frantz Bazile, Boca Raton, pro se.

James Uthmeier, Attorney General, Tallahassee, and Kimberly T. Acuña, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

More than twenty years after the appellant was sentenced for serious felony offenses, he sought to obtain from the Florida Department of Law Enforcement ("FDLE") a certificate of eligibility for expungement/sealing of the criminal records associated with his offenses. FDLE declined to grant the certificate, finding the offenses were not eligible under section 943.0584(2), Florida Statutes (2025). The appellant did not seek mandamus relief in the circuit court. *See Williams v. State*, 879 So. 2d 77, 78 (Fla. 3d DCA 2004) ("Where a certificate of expunction has been denied, the correct procedure to challenge FDLE's ruling is to file a petition for writ of mandamus in the circuit court, naming FDLE as the respondent."). Instead, he petitioned the circuit court to expunge/seal his criminal record, asserting that "[a] valid Certificate of Eligibility issued by the Florida Department of Law Enforcement accompanies this Petition." The circuit court denied his petition. We affirm.

On appeal, the appellant does not address the merits of the circuit court's reasoning in denying relief. Instead, he challenges the underlying judgments and argues that the circumstances surrounding both his

crimes and the prosecution of his crimes warranted expungement/sealing of his criminal record. To the extent he sought postconviction relief, the challenge was untimely. *See* Fla. R. Crim. P. 3.850(b) (providing that with limited exceptions, "[n]o other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final"). Additionally, the trial court did not err in denying the petition to expunge/seal based on the absence of a certificate of eligibility. *See* § 943.0585(3), Fla. Stat. (2025) ("Each petition to expunge a criminal history record must be accompanied by: (a) A valid certificate of eligibility issued by the department"); § 943.059(3), Fla. Stat. (2025) ("Each petition to a court to seal a criminal history record is complete only when accompanied by: (a) A valid certificate of eligibility issued by the department pursuant to this section"); § 943.0585(4)(b), Fla. Stat. (2025) ("The court may not order a criminal justice agency to expunge a criminal history record until the person seeking to expunge a criminal history record has applied for and received a certificate of eligibility . . . ."); § 943.059(4)(b), Fla. Stat. (2025) ("The court may not order a criminal justice agency to seal a criminal history record until the person seeking to seal a criminal history record has applied for and received a certificate of eligibility . . . ."); *State v. A.B.M.*, 742 So. 2d 818, 819 (Fla. 2d DCA 1999) (holding that trial court erred in ordering the sealing of nonjudicial criminal history record where appellee did not obtain certificate of eligibility); *Lewis v. State*, 711 So. 2d 174, 175 (Fla. 4th DCA 1998) (recognizing that where no certificate of eligibility for expungement appears in the record, "Appellant would not be entitled to expunction under [section 943.0585]"); Fla. R. Crim. P. 3.692(a) (providing that all relief sought pursuant to sections 943.0585 and 943.059 shall be by written petition accompanied by FDLE certificate of eligibility).

*Affirmed.*

MAY, CIKLIN and LOTT, JJ., concur.

\*         \*         \*

***Not final until disposition of timely-filed motion for rehearing.***

2